## COMPTON v. THE STATE.

108 747
Case 1
121 669

SIMMONS, C. J. It was error to deny a motion to continue a criminal case, the ground of the motion being the absence of a witness, when it appeared that the showing was in all respects complete, that the facts expected to be proved by this witness bore directly upon the controlling issue in the case and tended strongly to disprove the charge against the accused, and also that there was no disinterested witness other than the one absent by whom the same facts could have been established.
　　　　　　　　　Judgment reversed. All the Justices concurring.

Argued February 6, — Decided March 14, 1899.

Indictment for selling liquor. Before Judge Janes. Douglas superior court. December 9, 1898.

John V. Edge and A. L. Bartlett, for plaintiff in error.
W. T. Roberts, solicitor-general, contra.

---

## SKINNER v. THE STATE.

LUMPKIN, P. J. 1. The rule relating to the distinction between positive and negative evidence does not apply and should not be given in charge to a jury, when there are two witnesses having equal facilities for seeing or hearing the thing about which they testify, and, directly contradicting each other, one of them testifies that it occurred and the other that it did not. Civil Code, § 5165, and cases there cited. See also Killian v. Ga. R. R. Co., 97 Ga. 728 ; Humphries v. State, 100 Ga. 260.
2. The charge upon this rule, to which exception is taken in the present case, was unwarranted. Judgment reversed. All the Justices concurring.

Argued February 6, — Decided March 14, 1899.

Indictment for selling liquor. Before Judge Janes. Douglas superior court. December 8, 1898.

John V. Edge, J. S. James, and W. A. James, for plaintiff in error. W. T. Roberts, solicitor-general, contra.