### 398. WOOD v. THE STATE.

1. The rule that the existence of a fact testified to by one positive witness is to be believed rather than that such fact did not exist because many witnesses, who had the same opportunity of observation, swear that they did not see or know of its having transpired, does not apply when one of two persons having equal facilities for seeing or hearing a thing swears that it occurred, and the other that it did not. *Weeks* v. *State*, 79 *Ga.* 37; *Atlanta & W. Pt. Railroad* v. *Johnson*, 66 *Ga.* 260; *Cobb* v. *State*, 27 *Ga.* 649.

2. While the fact that positive testimony affirmatory, and positive testimony contradictory thereof, has been introduced in a given case, would, without more, render a charge upon the subject of positive and negative testimony inapplicable and improper, still, if in the same case negative testimony was also introduced, a proper charge upon that subject would not be erroneous.

3. Where, under the evidence, the rule embodied in section 985 of the Penal Code can properly be given, the judge should also, and in connection therewith, give an instruction that the jury, in weighing the testimony, of such witnesses, must consider and pass upon the question of their credibility. *Grant* v. *State*, 122 *Ga.* 744 (5).

4. In any case it is error to give in charge to the jury the rule in regard to positive and negative testimony embodied in the Penal Code, § 985, without stating the qualification that other things must be equal, and the witnesses of equal credibility, and that the rule does not apply as to those witnesses who have each given positive, though conflicting, testimony, some swearing that a certain thing transpired, and others equally positively that it did not.

Accusation of shooting on highway, from city court of Monti-cello—Judge Thurman.    March 4, 1907.

Submitted April 22,—Decided April 25, 1907.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor,* contra.

RUSSELL, J.   Two assignments of error are insisted upon by the plaintiff in error: (1) that the court erred in giving in charge to the jury section 985 of the Penal Code, without qualification; and (2) that the court erred in failing to charge that the rule applying to the distinction between positive and negative evidence does not apply when, of two parties having equal facilities for knowing a thing, one swears that it occurred and the other that it did not occur, the testimony of both witnesses, in that event, being positive evidence.    In the amended motion is another ground, referring to the court's refusal to charge a written request, but this assignment was abandoned in this court.   The defendant was indicted for a violation of the Penal Code, § 508, forbidding the discharge of firearms on a public highway between dark and daylight.   There was positive evidence that he fired a pistol as alleged in the indictment, and equally positive evidence that he did not fire a pistol at the time and place alleged.   The defendant, as appears from the evidence, was in a buggy, with two other persons.   Some witnesses swore that shots were fired by two of the persons in the buggy, and there was testimony from two of the State's witnesses that they did not know whether the shots were fired by one man or by both who were in the buggy.   In other words, there was positive testimony that two men in the buggy fired pistols, positive testimony that no one in the buggy fired at all, and negative testimony from witnesses who did not profess to know whether the shots were fired by the defendant or his companion.   The judge gave section 985 of the Penal Code in charge to the jury, without any qualification or any instruction as to its application.

Under the facts above stated, we think that the omission of the trial court to instruct the jury that the rule embodied in §985 is only applicable when other things are equal, and the witnesses are of equal credibility, would require a new trial; and when, to that failure of the trial judge, is added his failure to explain to the jury that the testimony of a witness who testifies that a certain thing did not occur is as much positive testimony as the statement of one who swears that it did occur, our duty to grant a new trial is imperative.

The headnotes sufficiently embody our opinion, and there is therefore no necessity to elaborate the principle which controls our decision. It is said in _Kimbrough_ v. _State,_ 101 _Ga._ 585, that it would not do to lay down the broad rule that witnesses who testify positively to a fact are to be believed rather than those whose testimony may be negative; for "the negative testimony of a witness of good character will always outweigh the positive testimony of a witness shown to be unworthy of belief." That the general rule as to the probative value of positive and negative testimony is subject to the qualification that other things are equal, and the witnesses are of equal credibility, is again decided in _Atlanta Ry. Co._ v. _Brigham,_ 105 _Ga._ 498, and in _Skinner_ v. _State,_ 108 _Ga._ 747.

The proposition that where one witness swears that a certain thing occurred, and another, with equal opportunity to know, swears positively that it did not occur, needs only to be stated, to demonstrate that the evidence of both witnesses is positive testimony, the one not more so than the other. The applicability of §985 to the testimony is often a doubtful matter. Except in a clear case, that section should not be given in charge to the jury. And when it is given, the jury should be instructed as to its meaning and application, especially in a case like this, where there was positive testimony affirmatory, positive testimony contradictory, and negative testimony, all material to the issue.

_Judgment reversed._