## 432.  WHITFIELD *v.* THE STATE.

1. Where the State relied upon positive testimony as proof of the criminal act, and the defendant relied upon negative testimony to disprove such criminal act, it was error for the court to charge, without qualification, the rule for determining the relative value of positive and negative testimony, as contained in the Penal Code, § 985.   In connection with the rule for weighing the testimony, as embodied in this section, the court should also have instructed the jury to consider and pass upon the credibility of the witnesses.

2. While it is not necessary that the person prosecuted for the act of selling should own the liquor, yet the question of ownership is one of the elements which the jury may look to in determining who made the sale.   And in a prosecution for the unlawful sale of liquor, where the defense was that the defendant neither owned nor sold the liquor, it was error to instruct the jury that the title of the liquor alleged to have been sold was not a matter for them to consider.

3. A minor error in the exclusion of testimony appears.

Accusation of selling liquor, from city court of Monticello—Judge Clements presiding.   March 12, 1907.

Submitted May 27,—Decided May 28, 1907.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor,* contra.

HILL, C. J.   The defendant was indicted and convicted for selling without license spirituous, · alcoholic, malt, and intoxicating liquors in Jasper county.   The testimony against him was given by one witness, who swore that he bought four bottles of beer from him, paying therefor fifty cents, the beer being in the house where the defendant and several other negroes were drinking whiskey and beer.   The witness testified that the defendant told him at the time he sold him the four bottles of beer that it did not belong to him, but belonged to one John Glover.   The defendant introduced two witnesses, who testified, that they were present in the house at the same time with the witness for the State, and saw him get the four bottles of beer from the defendant, and heard him tell the witness for the State that the beer did not belong to him, but to one John Glover; that the beer was in a box which was marked "John Glover."   Both these witnesses swore that if the witness for the State paid the defendant any money for the beer, they did not see him do so, and they were present all the time.   They also stated that they got some beer from the defendant, on the same occasion, but paid the defendant no money.   The defendant further

offered to prove by these two witnesses that they paid John Glover for the beer which they got from the defendant; but this testimony was excluded by the court. This was all the evidence in the case. The defendant stated that the beer did not belong to him, but that he had been asked to carry it to the house by the owner, John Glover, and that he did not sell any of the beer to the witness for the State, or to any one else, but that this witness and his witnesses took some bottles of beer out of the house.

1. The judge, in his charge, gave without qualification the rule embodied in the Penal Code, §985, as to the relative value of positive and negative testimony. While the facts presented a typical case for the application of this rule, the judge erred in not also giving, in connection therewith, the qualification that the jury, in weighing such testimony, should also consider and pass upon the question of the credibility of the witnesses. It has been repeatedly held by the Supreme Court, and by this court in the three recent cases of *Wood* v. *State*, 1 *Ga. App.* 684, 58 S. E. 271; *Phillips* v. *State* and *Thomas* v. *State*, Id. 687, 57 S. E. 1079, that section 985 of the Penal Code should never be given in charge to the jury except with the qualification above stated. "In weighing evidence, its character as to being positive or negative is one element for consideration, but it is not the only one. Credibility is also essentially involved." *Warrick* v. *State*, 125 *Ga.* 142, 53 S. E. 1031.

2. Error is also assigned on the following charge by the court: "I charge you that the question of the title of the beer alleged to have been sold is not a matter for you to consider." Of course the defendant was guilty if he sold the beer, whether it belonged to him or to some one else. But he contended, and introduced evidence in support of his contention, that the beer did not belong to him, and that he did not sell it at all. And the question of ownership might have been considered by the jury as a fact corroborating the defendant's statement and supporting his contention. It would not have been error for the court to instruct the jury that if they believed that the defendant sold the beer, or assisted in selling it, the question of ownership was immaterial; but we think the court went too far in charging, under the facts of this case, that the question of ownership was not a matter for them to consider at all.

3. We think the court erred in excluding the testimony of the two witnesses to the effect that each got beer at the same time and place that the witness for the State got his beer, but that they did not pay the defendant therefor, but did pay one John Glover. While the purchase of the beer by these two witnesses, and their payment for the same to John Glover, were, in a sense, a separate transaction from the one for which the defendant was tried, yet it did in some degree tend to establish the contention of the defendant that the beer did not belong to him and that he was not selling it. The fact that these two witnesses got the beer at the same time and place as did the witness for the State, and did pay therefor the party whom the defendant claimed was the owner, was of probative value as corroborating his contention. The other assignments of error we think are without merit. But, for the reasons stated, we think the court erred in refusing to grant the defendant a new trial.        *Judgment reversed.*