## 898.   BENTON *v.* THE STATE.

1. The charge of the court upon the subject of positive and negative testimony, when all that was said by the judge upon that subject is considered, was in accordance with the rules laid down in Wood v. State, 1 Ga. App. 684 (58 S. E. 271).
2. The jury should have been instructed that the rule as to positive and negative testimony does not apply when one of two persons, having equal facilities for seeing and hearing a thing, swears that it occurred and the other that it did not occur. Such an instruction is usually necessary to fully explain to the jury the distinction between testimony which is negative in character and that which is contradictory of positive testimony, and which otherwise might be thought to be negative; but in the present case not only negative testimony was introduced in behalf of the defendant, but testimony was introduced in his behalf, which, while it was circumstantial, was also positive.

Accusation of carrying concealed weapon, from city court of Monticello—Judge Thurman. November 25, 1907.

Submitted January 14,—Decided January 27, 1908.

*Greene F. Johnson,* for plaintiff in error.

*Doyle Campbell, solicitor,* contra.

RUSSELL, J. 1. The defendant was convicted of carrying a pistol concealed. The assignments of error all relate to errors

alleged to have been committed by the presiding judge in charging upon the subject of positive and negative testimony. Grouping all the grounds of the motion for new trial, except the last, the complaint therein set forth may be stated to be that the judge erred in failing to instruct the jury, in connection with §985 of the Penal Code, that the jury, in balancing the testimony of witnesses who may have testified negatively with those who may have testified positively, must consider and pass upon the credibility of the respective witnesses; and that the charge of the judge was misleading in that the judge did not in terms instruct the jury that the rule laid down in §985 of the Penal Code is applicable only when other things are equal and the witnesses are of equal credibility. We have already held, in *Wood* v. *State,* 1 *Ga. App.* 685 (58 S. E. 271), cited by counsel, that except in a clear case §985 should not be given in charge to the jury. We also held that "the omission of the trial court to instruct the jury that the rule embodied in §985 is only applicable when other things are equal and the witnesses are of equal credibility," requires a new trial, and that it is the duty of the trial judge to explain to the jury what is meant by the term "negative testimony,"—in other words, to tell the jury, in a proper case, that the testimony of a witness who testifies that a thing did not occur is positive testimony. Upon reading the extracts from the charge quoted in the motion for new trial, and after reading all that was said by the trial judge in the present case upon the subject of positive and negative testimony, in the charge as a whole, we are more than ever impressed with the statement of Chief Justice Bleckley that "a charge torn to pieces and scattered in disjointed fragments may seem objectionable, although when put together and considered as a whole, it may be perfectly sound." In the present case the judge complied with the rules laid down by this court in the *Wood* case, by stating to the jury that the rule was not to be applied as to two witnesses, one of whom might swear that a fact occurred, and the other that it did not; and that if the jury found that there was positive and negative testimony before them (after having explained what negative testimony was), then, in applying the rule laid down in §985, they would not give the preference to the testimony of the witness who testified positively unless other things were equal and the witnesses of equal credibility. The charge of

the court upon this subject is as follows: "The existence of a fact testified to by one positive witness is to be believed, rather than such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired. This rule does not apply when, two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not occur. I further charge you, gentlemen, that in passing on the testimony of witnesses, where some testify to the existence of a fact, and others who had the same opportunity of observation, and did not see or know of such fact having transpired, as I have just stated to you, being the rule for weighing positive and negative testimony, does not apply where two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, and the other that it did not. In applying this rule of positive and negative testimony in cases where it is said one positive witness is to be believed, rather than such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired, it must also appear that other things are equal, and the witnesses of equal credibility." Where it is proper to charge § 985 at all, there are two exceptions to the rule, of which the jury should be informed. One is that positive testimony contradictory is not to be confused with negative testimony; and the other is that the jury are not to give preference to positive testimony merely because it is positive, if they are satisfied that other things are not equal and that the negative testimony is more credible. In his own way the judge called the attention of the jury to both these exceptions in connection with § 985. The assignments of error contained in the first eight grounds of the motion are without merit.

2. In the ninth ground of the motion it is alleged that the court erred in charging the jury: "This rule does not apply when, two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not." Error is assigned because it is averred that there was no evidence to authorize this instruction, and that it was not applicable to the evidence. If it was proper to charge the jury upon § 985 at all, the plaintiff in error can not well complain of this instruction, because it could

not be harmful to him. But in view of the evidence of Seaborn Lee and of Rilse and Pope Kelly, witnesses for the defendant, we think the trial judge was right in instructing the jury in the language of which complaint is made in the ninth ground of the motion. If the testimony in a case is all positive, although some witnesses may swear that a certain thing occurred, and others that it did not, the rule embodied in §985, should not be given in charge to the jury. If some of the testimony is positive,—that is, if there be contradiction and conflict, and yet there is also other testimony in the case which is negative, the jury may nevertheless be instructed as to the rule upon the subject of the comparative weight of positive and negative testimony; but it would also be proper for the judge to explain to them, as he did in this case, the difference between negative testimony and positive testimony contradictory. The testimony of Lee and the Kellys was, in the circumstances detailed, more than mere negative testimony. It was positive testimony which, if true, absolutely contradicted the testimony of the State's witnesses. And it was not more circumstantial in this case than the testimony of the State's witness. Proof by him that the pistol was concealed depended upon his statement of the circumstance that when Benton had replaced the pistol in the scabbard and his coat came down over it, he could no longer see it. The Kellys testified that they were looking at the defendant and saw no pistol, and Dennis Digby testified that he saw the defendant and was where he could have seen him draw a pistol if he had one. To have treated the testimony of Dennis Digby as mere negative testimony, under the circumstances, would have been error; for his statement amounted practically to a positive denial that the defendant had a pistol. If he had testified merely that he did not see any pistol, as a number of witnesses did, his evidence would have been negative; but when he testified that he was looking at the defendant, and that if he had drawn a pistol, or even had one, he, the witness, could have seen it, this amounted to a positive contradiction, so far as circumstances go, of the fact that the defendant had a pistol concealed, though it did not contradict the fact that the State's witness might have been satisfied that he saw one.                          *Judgment affirmed.*