## 1298.   PEAK *v.* THE STATE.

In a case in which all of the testimony is positive, it is erroneous to instruct the jury upon the comparative weight of positive and negative testimony. In any case it is reversible error to charge the jury, without qualification, that they are to believe positive testimony in preference to negative. It is for the jury to determine for themselves the comparative weight of positive and negative testimony.

Accusation of carrying concealed weapon, from city court of Sparta—Judge Little. June 15, 1908.

Submitted October 6,—Decided October 26, 1908.

*R. H. Lewis,* for plaintiff in error.

*R. W. Moore, solicitor,* contra.

RUSSELL, J. On the trial the judge charged the jury as follows: "I charge you, if you find there are two classes of witnesses, one class swearing that the fact existed, that they saw it, and another class swearing that they were present, but did not see it, that you are to believe the former testimony in preference to the latter, the positive testimony instead of the negative." In the motion for a new trial, error is assigned upon this instruction; and this is the only assignment of error insisted upon before this court. We think the instruction quoted was such an error as demanded a new trial. It is not only true, as insisted, that there was no evidence upon which to predicate this instruction, and that it tended to the prejudice of the defendant, in calling the attention of the jury to the fact that he had introduced no testimony, but the language used was not a correct statement of the rule under which a jury is to consider the comparative weight of positive and negative testimony. It is in any case error to instruct the jury upon principles of law which are inapplicable to the evidence in the particular case on trial. Whether such error is ground for new trial may depend upon whether the error was harmful. In the present case the defendant must have been prejudiced by the unwarranted direction of the court,—"you are to believe the former testimony"—that is, the positive testimony—"in preference to the latter,"—that is, the negative testimony. In the first place, this is not the correct rule of law upon this subject, even if the record disclosed that both positive and negative testimony were before the court. "In any case it is error to give in charge to the jury the rule in regard to positive and negative testimony, embodied in the Penal Code, §985, without stating the qualification that other things must be equal, and the witnesses of equal credibility." *Wood* v. *State,* 1 *Ga. App.* 685 (58 S. E. 271). And that, in a case where both positive and negative testimony has been introduced, it is reversible error not to so instruct the jury has been held not only in the *Wood* case, supra, but also in the following cases, among others which could be cited: *Phillips* v. *State,* 1 *Ga. App.* 687 (57 S. E. 1079); *Kimbrough* v. *State,* 101 *Ga.* 585 (29 S. E. 39); *Atlanta Ry. Co.* v. *Brigham,* 105 *Ga.* 498 (30 S. E. 934); *Skinner* v. *State,* 108 *Ga.* 747 (32 S. E. 844);

*Grant* v. *State,* 122 *Ga.* 744 (50 S. E. 946). In the *Kimbrough* case, supra, Justice Cobb uses the following strong language: "It would not do to lay down the broad rule that as between witnesses those who testify positively to a fact are rather to be believed than those whose testimony is negative. The negative testimony of a witness of good character will always outweigh the positive testimony of a witness shown to be unworthy of belief."

The judge did not have the right to tell the jury that they must prefer witnesses who testified positively, to those ·whose testimony was only negative. It was the right of the jury to determine the comparative weight of the positive and negative testimony, upon a consideration of the comparative credibility of the witnesses giving the testimony, if other things were equal. But in the present case there was no necessity for the charge upon the subject of positive and negative testimony; because all of the testimony was positive, and any charge whatever upon the subject was error. We think this error was prejudicial to the defendant, because it stressed before the jury the fact that there was no denial of the positive testimony of the State's witnesses, except by the defendant's statement, which is not technically evidence; and the judge's injunction that they *must* prefer this positive testimony (the only positive testimony in the case) was virtually a charge to the jury to disregard the defendant's statement entirely. As we have already remarked, in *Wood* v. *State,* supra, the rule of evidence contained in § 985 of the Penal Code should not be given in charge except in a clear case. Where it is improperly and erroneously given, with probably injurious consequences to the defendant on trial, a new trial should be granted.

It is insisted by counsel for the State that a new trial should not have been granted, because, regardless of the error in the charge of the court, the verdict of guilty was demanded by the evidence. A sufficient answer to this argument is, that the jury may believe the defendant's statement in preference to the testimony; and if, in the present case, they had believed it, an acquittal must have resulted. The charge of the court, if it did not wholly eliminate the defendant's statement from the case, at least so depreciated it that the jury was precluded from giving that preference to the statement which it was their right to accord it if they saw fit. *Judgment reversed.*