### 3060. WOOD *v.* THE STATE.

An instruction to the effect that "positive testimony outweighs negative testimony, the witnesses being equally credible," sufficiently qualifies a charge upon the subject of positive and negative testimony in which the jury are told that "the existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired." If the witnesses are of equal credibility and have a like opportunity of observation, positive testimony should outweigh that which is merely negative; and it is not error so to instruct the jury in a case where some of the testimony is plainly merely negative in its character.

DECIDED JUNE 7, 1911.

Accusation of beating wife; from city court of Dublin—Judge Hawkins. November 4, 1910.

*J. S. Adams,* for plaintiff in error.

*W. C. Davis, solicitor, George B. Davis,* contra.

RUSSELL, J. The writ of error complains of the overruling of a motion for new trial in which the only ground that could be strongly insisted upon here is that the judge erred in charging the jury in the language of section 1011 of the Penal Code (1910), with the single explanation that "positive testimony outweighs negative testimony, the witnesses being equally credible." While it is true, as was held in the case of *Peak* v. *State,* 5 *Ga. App.* 56 (62 S. E. 665), that it is error to instruct the jury upon the subject of positive and negative testimony except in a very clear case, and that then they should never be instructed upon this subject except when they are told in effect that the testimony of one credible witness swearing negatively may outweigh the testimony of a witness who testifies positively but is unworthy of belief, still we think the instruction of the judge in the present instance covered the only substantial principle enunciated in the *Peak* case. The credibility of the witnesses is exclusively for the jury. Ordinarily the conflict arises over the credibility of the witnesses. If the witnesses are equally credible, certainly every rule of law and logic would require that the witness who knew and asserted his knowledge of the facts should be believed in preference to a witness who did not know and confessed his ignorance of the truth of an alleged occurrence.

We are aware that there are other things besides the personal credibility of the witnesses which may affect the equation, and yet, in the broad sense, all of these circumstances are included in the general expression "the credibility of the witness." This includes any kind of corroboration arising from other testimony, as well as circumstances of any nature in the case which might tend to make the testimony of one witness more credible than that of another; for if, after every circumstance, of whatever nature it may be, has been scanned and dissected, the jury come to the conclusion that the witnesses are of equal credibility, then common sense would require that they should give preference to the positive testimony of a credible witness, rather than to the negative testimony of a witness not more credible. *Judgment affirmed.*