## 11874.  GREEN *v.* THE STATE.

BROYLES, C. J.  1. The charge upon the subject of confessions was authorized by the evidence and was not error for any reason assigned.

2. The charge upon the subject of positive and negative testimony was authorized by the evidence and was not erroneous for any reason assigned.

3. None of the other excerpts from the charge, complained of, when considered in the light of the entire charge and the facts of the case, shows reversible or material error.

4. The special ground of the motion for a new trial, complaining that a witness was permitted to testify that he had been appointed receiver of the defendant's effects, over the defendant's objection that the rec-

ord of such appointment would be the best evidence, is without merit, since the ground shows that the record itself was introduced in evidence before the witness left the stand.

5. A special ground of the motion for a new trial complains of the admission in evidence of a certified copy of the record of a certain civil suit pending in the superior court of Fulton county, the same being the case of Fairburn Banking Company v. W. B. Green (the defendant in this case), Mrs. Catherine Bradstreet, and others. The record contained the pleadings in the case — including the answers of the defendant and Mrs. Bradstreet — and the consent verdict and judgment taken therein, which found and adjudged certain property in the possession of Mrs. Bradstreet to be the property of the Fairburn Banking Company. This ground of the motion shows that certain objections to this evidence were made when it was offered, but in the latter part of the ground, where reasons are given why the trial court erred in admitting the evidence, only one of the objections stated at that time to the trial court, to wit, "that it illustrated no issue involved in the case on trial," is referred to. This objection therefore is the only one that can be considered by this court; and it is without merit, since it is apparent that the record in that case threw light upon and "illustrated" the motive of the defendant for committing the offense charged. Moreover, testimony to the same effect as the most damaging part of this documentary evidence was also adduced by the State from witnesses, without any objection from the defendant.

6. It was not error to permit the receiver of the defendant's effects to testify that after his appointment as receiver he took charge of certain automobiles, jewelry, money, furniture, etc., which he found in the possession of Mrs. Bradstreet. This evidence was admissible, over the objections of the defendant that all of this occurred after warrants had been sworn out for Mrs. Bradstreet, who was then under bond, and after October 9, 1919, when the alleged conspiracy between the defendant and Mrs. Bradstreet, charged in the indictment, was alleged to have been committed, as it tended to prove the contentions of the State that the defendant embezzled from the bank large sums of money which he squandered upon Mrs. Bradstreet, and that the conspiracy between them to rob the bank and conceal its property existed up to the time of the defendant's trial.

7. The court did not err in allowing a witness, a representative of a drygoods company, to give in detail, over the objection of the defendant, a conversation which he had with the defendant in reference to the latter paying a bill for articles purchased from the company by Mrs. Bradstreet.

8. No substantial merit appears in grounds 11, 12, 14, or 15 of the amendment to the motion for a new trial.

9. The special ground of the motion for a new trial, complaining of the form of the verdict returned, cannot be considered, as such a question can not be raised by a ground of a motion for a new trial.

10. The court did not err in permitting a witness (who had been appointed by the State treasurer to examine and audit the books of the Fairburn bank) to relate, over the defendant's objections, a conversation

which he had with the defendant while the witness was examining the bank's books, in regard to an alleged shortage in the funds of the bank, in which conversation the defendant made, according to the witness, damaging admissions which virtually amounted to a confession of his guilt.

11. It was not error to admit in evidence, over the objections of the defendant, a love letter written by the defendant and found in Mrs. Bradstreet's furniture by the receiver of his effects.

12. Complaint is made that the court permitted a witness to testify, over the objections of the defendant, that as a detective he visited the home town in New Jersey of the father and mother of Clarence Bradstreet (the husband of Mrs. Catherine Bradstreet), and investigated the financial condition of Clarence Bradstreet and his parents, and that their finances were very limited. Only a part of his testimony was hearsay, but the defendant objected to all of it on the ground that it was hearsay, and did not object, as he should have done, to the hearsay portions only of it. The other objection made at the time this evidence was offered, viz that it was immaterial and illustrated no issue in the case, was properly overruled, as the evidence tended to prove the contention of the State that Mrs. Bradstreet had obtained her expensive clothes, jewelry, etc., from the defendant and not from her husband. Moreover, even if the admission of this testimony was error, it does not, under all the facts of the case, require a new trial.

13. Grounds 20 and 23 of the amendment to the motion for a new trial are expressly disapproved by the trial judge.

14. Certain testimony of the superintendent of the Western Union Telegraph Company was objected to by the defendant as follows: " I object to any testimony by this witness about the telegrams, or money-orders, or transmission of money. " This objection was too vague and indefinite to be considered.

15. The 22d ground of the amendment to the motion for a new trial complains of the admission of certain documentary evidence, but can not be considered, as it does not show what objection was made when this evidence was offered.

16. The defendant made a statement but introduced no evidence. The evidence adduced by the State overwhelmingly authorized, if it did not demand, the verdict returned; no reversible or material error of law appears; and the court did not, for any reason assigned, err in overruling the motion for a new trial.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., concurs specially.*

DECIDED DECEMBER 23, 1920.

Conviction of embezzlement; from Campbell superior court — Judge Hutcheson. July 24, 1920.

The instructions as to positive and negative testimony, to which the ruling in paragraph 2 of the decision refers, consisted of the provisions of section 5751 of the Civil Code (1910), with an added instruction as to credibility. This part of the charge was as

follows: "The existence of a fact testified to by one positive witness is rather to be believed than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired. This does not apply when two parties have equal facilities for seeing and hearing a thing and one swears that it occurred and the other that it did not. With reference to this question of positive and negative testimony, the jury in weighing the testimony of such witnesses should consider and pass upon the question of the credibility of such witnesses." It was contended that the judge erred in so charging, because he did not qualify the rule given by an instruction that the rule would not apply unless the witnesses were of equal credibility; also because there was no basis for it in the evidence, and it tended to stress the fact that the defendant had not introduced any evidence and that there was no denial of the State's testimony except by the defendant's statement, and, if it did not wholly eliminate the defendant's statement, it so depreciated the statement as to deprive it of the weight which the jury had the right to give it if they saw fit. Citations by counsel for plaintiff in error, as to this part of the charge: 127 *Ga.* 688, 689; 115 *Ga.* 660; 105 *Ga.* 498; 101 *Ga.* 583; 100 *Ga.* 263; 1 *Ga. App.* 685; 5 *Ga. App.* 56, 58; 14 *Ga. App.* 603; 100 *Ga.* 747; 79 *Ga.* 37. Cited contra: 1 *Ga. App.* 684 (3); 3 *Ga. App.* 453; 120 *Ga.* 510; 122 *Ga.* 744 (5); 115 *Ga.* 659. See 20 *Ga. App.* 201-202; 24 *Ga. App.* 653.

Catherine F. Bradstreet, to whom paragraph 5 and other parts of the decision refer, was joined as a defendant with Green in the indictment in this case, which charged her with conspiring with him to embezzle, steal, secrete, and fraudulently carry away money and property of the Fairburn Banking Company, of which he was vice-president, etc. Green was tried separately. According to the evidence, he was intimate with Mrs. Bradstreet and gave to her and expended upon her large sums of money during the period covered by the alleged embezzlement.

*George Westmoreland, H. A. Allen, Lawrence S. Camp,* for plaintiff in error.

*George M. Napier, solicitor-general, Reuben R. Arnold, Troutman & Freeman,* contra.

BLOODWORTH, J., concurring specially. I can not agree with

all that is said in the preceding rulings. I think that some errors were committed on the trial, but they were not of sufficient materiality to require the grant of a new trial. Under the facts of the case I think the finding of the jury should stand, and, therefore, concur in the judgment of affirmance.