### 15137. Camp v. The State.

Luke, J. 1. Section 186 of the Penal Code (1910), as to embezzlement by bank officers and employees, is superseded by section 20 of article XX of the banking act of 1919 (Ga. L. 1919, p. 216) so far as the

47

two statutes cover the same offenses, because of the different penalty prescribed by the later act.

2. The indictment alleged, in substance, that the accused, being cashier of the Bank of Shiloh, and having, by virtue of such office, the custody and control of the bank's funds, did unlawfully, with intent to defraud the said bank, embezzle and steal $13,257.74 of its funds so intrusted to him; that said amount was not taken in a lump sum, but consisted of various lesser sums received by said cashier for said bank from divers persons at different times during the years 1917 to 1921, both inclusive, amounting in the aggregate to the sum stated; and that the embezzlement of said aggregate amount was affected by making false entries on the books of the bank and false reports of the bank's condition, by abstracting its cash, and by other means to the grand jurors unknown, all with the intent and purpose on the part of the accused to defraud said bank. The date of the offense, as alleged at the beginning of the indictment, was January 1, 1921. After so setting out the offense the indictment further alleged that all of said acts of the accused were by him kept concealed and remained unknown until January 11, 1921. *Held*:

(*a*) The indictment was not subject to general demurrer.

(*b*) It did not misjoin in one count separate and distinct offenses of different natures.

(*c*) It did not undertake to charge, or have the effect of charging, the offense of making a false report of the bank's books, so as to authorize a conviction for either of those offenses, but the sole purpose of the allegations touching such matters was to set forth the fraudulent means used by the accused in effectively committing and concealing the series of embezzlements with which he is charged.

(*d*) It is not necessary to allege in such a case that the embezzlement was committed without the bank's consent.

(*e*) Where the thing alleged to have been embezzled or stolen is a trust fund, no description thereof is necessary beyond a statement as to the amount of it and of the facts constituting the trust.

(*f*) Where, as in this case, the alleged embezzlements extend over a long period of time and embrace numerous transactions with divers persons at different times, a bill of particulars is not a necessary part of the indictment, even as against a timely special demurrer. "To specify particularly what money was received and embezzled would be impossible, and such a requirement would render the statute ineffectual." *Jackson* v. *State*, 76 *Ga.* 571 (13).

(*g*) The allegation that all the alleged unlawful acts of the accused remained unknown until a stated date is sufficient, when proved, to prevent the statute of limitations from applying to so much of such acts as may appear to have been committed more than four years prior to the filing of the bill of indictment.

(*h*) The indictment was sufficient to withstand all of the grounds of demurrer urged against it, and the judgment overruling the demurrer was not erroneous.

3. The court gave in charge to the jury that section of the banking act of 1919 which defines the offense of embezzlement (Ga. L. 1919, p. 216,

sec. 20), and further instructed the jury as follows: "Should you find from the evidence that the defendant, while acting as cashier—in the capacity of cashier—of the Bank of Shiloh, issued a time certificate to his mother for $900, and that the bank did not receive the money for the same, and that such certificate was wrongfully and fraudulently issued, and that the defendant was either directly or indirectly benefited, then I charge you that you ought to convict the defendant; otherwise not." This excerpt from the charge is assigned as error, on the ground, among others, that it relates to and authorizes a conviction for an offense not embraced in the bill of indictment. *Held:*

(*a*) While the above-cited section of the banking act provides, in part, that "any officer . . of any bank . . who issues or puts forth any certificate of deposit . . with intent . . to injure or defraud the bank . . . shall be punished," etc., thus defining a separate and distinct offense, yet in the indictment now under review no such offense is alleged to have been committed.

(*b*) The part of the charge here complained of was erroneous for the reason that there was no indictment on which to predicate it.

4. The State introduced evidence tending to show that a certain sum of the bank's money was embezzled on January 11, 1921, while the accused was in charge as cashier. It appears that, on the trial, minutes of the board of directors were exhibited to the court, disclosing that on January 6, 1921, the accused was discharged as cashier, and was succeeded in that office by E. B. Trammell, who is the prosecutor in this case. In the prisoner's statement to the jury he declared that he was in fact discharged as cashier on January 6, 1921; that he thereafter had nothing whatever to do with the bank; that a certain page of the minutes cited by him would so show, and he challenged the State to offer the minutes in evidence. It does not, however, appear that the minutes were offered in evidence by either side, nor does any reason for such failure on the part of either side appear. In this state of the record the accused presented a timely written request for the court to charge as follows: "I charge you further that the defendant insists and contends that he was not the cashier of the Bank of Shiloh after the 6th day of January, 1921; that he was not the cashier of the bank on the 11th day of January, 1921. Before you would be authorized to convict the defendant for abstracting funds from the Bank of Shiloh, if they were abstracted after the 6th day of January, 1921, and on the 11th day of January, 1921, you would have to be satisfied beyond a reasonable doubt that he was the cashier of the bank at that time. If he was not the cashier of the bank at that time, even though you believe from the evidence he in fact abstracted funds from the bank, you would not be authorized to convict him for abstracting funds at a time when he was not cashier of the bank." The court's refusal so to instruct the jury, either in the form requested or in substance, is assigned as error. *Held:*

(*a*) While the stealing of a bank's money by a former officer or employee, after complete severance of his connection with the bank, is an indictable offense, yet it is not the offense of embezzlement as charged in this case.

(*b*) Documents exhibited to the trial judge, but not introduced in evidence for consideration by the jury, require *no instruction to the jury.*

(*c*) While, in the absence of a timely written request, a defense disclosed by the prisoner's statement alone does not necessitate an instruction to the jury, yet where, as in this case, a specific defense is so set up, and an appropriate written request applicable to such defense is timely presented, it is the duty of the court to give it in charge to the jury, if not in the words of the request, at least the material substance thereof.

(*d*) Under the facts of this case the refusal to give the requested charge was error requiring the grant of a new trial.

(*e*) It is not to be inferred from this ruling that proof of such subsequent larcenies would be irrelevant upon another trial of the case, or not illustrative of the defendant's intent and bent of mind touching such of the alleged offenses as may be then proved.

5. As a general rule, the highest and best evidence of the election or employment of a particular person as cashier of a bank is to be found in the minutes of the bank's board of directors; and before parol evidence thereof can be introduced, over timely and proper objection, the minutes must be produced or accounted for, or it must appear that the board's action was informal or was not entered on the minutes, or some other foundation for the introduction of secondary evidence must be laid.

(*a*) It appearing that the minutes were in court and in the possession of the prosecutor, and that they would disclose the facts touching such official connection with the bank, and no foundation whatever being laid for the introduction of secondary evidence covering much of the period of time in question, and there being no contention that the accused was de facto cashier, it was erroneous for the court to allow the prosecutor to testify, over timely and appropriate objection, that the accused was annually so employed by the bank's board of directors for the entire period, the existence of such official capacity being an essential element of the offense of embezzlement as laid in the bill of indictment.

6. "Where facts can be ascertained only by an examination of a large number of details on books of account, it is permissible for an expert accountant, who has made an examination of the books and figures, to testify as a witness and to give a summarized statement of what the books show, provided the books themselves are made accessible to the court and to the parties." *Cabaniss* v. *State,* 8 *Ga. App.* 129 (14) (68 S. E. 849).

(*a*) But where, as in this case, such books are neither introduced in evidence nor accounted for, it is erroneous to admit in evidence such summarized statement, over timely and appropriate objection specifically pointing out that the books from which it was made have been neither introduced nor accounted for.

7. To be relevant, "the evidence must relate to the questions being tried by the jury, and bear upon them either directly or indirectly." Civil Code (1910), § 5744. In the application of this rule to trials for embezzlement it has been held permissible to prove acts of extravagance on the part of the accused, the amount and sources of his income, the

amount reasonably necessary to maintain himself and family in the manner in which they were maintained during the period in controversy, fraudulent practices on his part to increase his income and cover up his defalcations, and other like matters, not only on the question of intent, but also to show his bent of mind for the commission of the particular offense charged in the bill of indictment on trial. *Bulloch* v. *State,* 10 *Ga.* 47 (1); *Jackson* v. *State,* 76 *Ga.* 552 (8); *Bridges* v. *State,* 103 *Ga.* 21 (3) (29 S. E. 859); *Green* v. *State,* 26 *Ga. App.* 109 (6) (105 S. E. 634). Applying this rule to the facts of the instant case, it is *held:*

(*a*) The court did not err in admitting the evidence set out in grounds 3, 4, 5, and 10 of the amendment to the motion for new trial, this evidence tending to show that the accused, though a married man, was, during the period in controversy, lavishing at least a part of his affections upon a woman other than his wife, one who lived in a different town, and presenting her with a fur, a diamond ring, and a few other less expensive presents.

(*b*) Nor did the court err in admitting the evidence set out in grounds 8, 15, 16, and 17, this evidence tending to show that the accused, during the period of his employment as cashier, committed crimes and irregularities in connection with his work as cashier other than those charged in the bill of indictment. Such evidence was admissible on the question of intent and to illustrate the defendant's bent of mind.

(*c*) It was, however, erroneous (as complained of in the twelfth ground) for the court to allow the prosecutor's sister to testify, over timely and appropriate objection, to the substance of a conversation had between her and the accused with respect to *Green's* case, supra, giving the surmises of each as to the probable outcome of the case at the time it was on trial. Such evidence was irrelevant to any issue before the jury, and was calculated to prejudice the minds of the jury against the accused.

8. "The right of cross-examination, thorough and sifting, belongs to every party, as to the witnesses called against him." Penal Code (1910), § 1044. "The state of the witness's feeling to the parties, and his relationship, may always be proved for the consideration of the jury." Penal Code (1910), § 1049. "In determining where the preponderance of evidence lies the jury may consider . . the witnesses' . . interest or want of interest, and also their personal credibility so far as the same may legitimately appear from the trial." Civil Code (1910), § 5732. Applying these principles to grounds 7 and 9 of the amendment to the motion for a new trial, the court erred as therein complained of.

(*a*) One of the controlling questions, under the evidence and the prisoner's statement, was whether the alleged embezzlement was the work of the president or of the cashier of the bank. The president was the prosecutor. The cashier was the defendant on trial. One of the principal witnesses relied upon by the State was D. B. Kendrick, who was employed by the prosecutor as an expert accountant to examine the books of the bank and make a report of its condition. It appears that for several months the books had been in the exclusive possession of the prosecutor, and inaccessible to the accused, and revealed different handwritings, and that the accountant's work upon the books was done during

the period of the prosecutor's exclusive control. In ground 7 it is complained that the court, on objection by the State's counsel, refused to permit the accused to show by the witness Kendrick, on cross-examination, that he (Kendrick) had refused to let the defendant's counsel have a copy of his summarized report of the bank's condition, because the prosecutor would not agree for him to do so. In ground 8 it is complained that the court, on objection by the State's counsel, refused to permit the accused to show by this witness, on cross-examination, that he (Kendrick) was being paid $20 per day by the prosecutor for all time consumed by him in attendance upon the court as a witness in this case. The evidence thus excluded should have been permitted to go to the jury.

9. Since the case is to be tried again, no ruling is now made with respect to the sufficiency of the evidence. The rulings and charges complained of other than those herein specifically dealt with are not likely to recur upon another trial. For the reasons pointed out above, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 6, 1924.

Indictment for embezzlement; from Harris superior court— Judge Custer presiding. September 24, 1923.

*J. R. Lunsford, Hardy & Peavy, Morris, Hawkins & Wallace,* for plaintiff in error.

*W. R. Flournoy, solicitor-general,* contra.