## 16577.  CARTER v. THE STATE.

"The rule that the existence of a fact testified to by one positive witness
is to be believed rather than that such fact did not exist because many
witnesses, who had the same opportunity of observation, swear that
they did not see or know of its having transpired, does not apply
when one of two persons having equal facilities for seeing or hearing
a thing swears that it occurred, and the other that it did not."

"Where section 5751 of the Civil Code of 1910, as to the relative weight of
positive and negative testimony, is applicable, it is error for the court
to give that section in charge to the jury without further instructing
them, in the same connection, that in weighing such testimony they
should take into consideration the credibility of the witnesses."

DECIDED JULY 29, 1925.

Accusation of using profane and vulgar language; from city court
of Baxley—Judge Speer.  April 29, 1925.

*V. E. Padgett,* for plaintiff in error.

*Wade H. Watson, solicitor,* contra.

BLOODWORTH, J.   The indictment charged that the accused, in
the presence of a named female, used certain obscene, vulgar, and
profane language.  A witness for the State swore that he was sitting
in an automobile with the lady named, that the curtains were up,
that there were no lights in the car, that the accused was riding in
a car with several other boys, that this car was stopped near the
one in which he and the young lady were sitting, that he recognized
the voice of the accused, and that the accused used the language
quoted in the indictment.  Three witnesses swore in substance that
they were in the car with the accused, near him, and would have
heard the language attributed to him had he used it, and each
swore positively that the accused did not use the language quoted
or any similar language.  These witnesses had a better opportunity
than the witness for the State to hear and know what accused said,
and their testimony is positive.  *Haywood* v. *State,* 12 *Ga. App.*
643 (2) (77 S. E. 1130); *Weeks* v. *State,* 79 *Ga.* 36 (3) (3 S. E.
323).   The judge charged the jury that "the existence of a fact
testified to by one positive witness is rather to be believed than
that such fact did not exist because many witnesses who had the
same opportunity of observation swore that they did not see or
know of its having transpired."  This was error.  The rule relating
to the distinction between positive and negative testimony should
not be given in charge when the witnesses on each side have equal
facilities for seeing or hearing the thing about which they testify

and one testifies that it did occur and the other that it did not, for in such a case there is no negative testimony. Civil Code (1910), § 5751; *Skinner* v. *State,* 108 *Ga.* 747 (1); *Wood* v. *State,* 1 *Ga. App.* 684 (58 S. E. 271), and citations. Even "where section 5751 of the Civil Code of 1910, as to the relative weight of positive and negative testimony, is applicable, it is error for the court to give that section in charge to the jury without further instructing them, in the same connection, that in weighing such testimony they should take into consideration the credibility of the witnesses. See *Georgia Ry. & Power Co.* v. *Pounds,* 20 *Ga. App.* 201 (92 S. E. 1026), and cases cited." *McDuffie* v. *State,* 24 *Ga. App.* 653 (101 S. E. 812). In *Southern Railway Co.* v. *O'Bryan,* 115 *Ga.* 660 (1) (42 S. E. 42), a charge in practically the same language as the one we are now considering was held to be clearly erroneous. This was put upon the ground that the charge with respect to the weight of positive and negative testimony was open to criticism if it failed to instruct the jury that in passing upon such testimony they should consider the question whether the witnesses were of equal credibility. So, no matter which horn of the dilemma we take, this excerpt from the charge was error and requires the grant of a new trial.

As a new trial follows the foregoing ruling, it is not necessary to consider the other assignments of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*