29861. GREAT AMERICAN INDEMNITY CO. *v.* OXFORD.

DECIDED FEBRUARY 27, 1943.

*R. O. Jackson, T. J. Long,* for plaintiff in error.
*Ernest M. Smith, Fraser & Irwin,* contra.

MACINTYRE, J. "1. The rule announced in the Penal Code, § 985 [§ 38-111], declaring the distinction ordinarily existing be-

tween the weight to be given to positive testimony and that to be given to negative testimony, while ofttimes useful to the jury as tending to facilitate the reconciliation of apparent conflicts in the evidence, is so inaptly stated in the Code section referred to that to instruct the jury in the language there given is ordinarily error. *Warrick* v. *State,* 125 *Ga.* 133, 142 [53 S. E. 1027]; *Minor* v. *State,* 120 *Ga.* 490 [48 S. E. 198]; *Cowart* v. *State,* 120 *Ga.* 510 [48 S. E. 198]; *So. Ry. Co.* v. *O'Bryan,* 119 *Ga.* 148 [45 S. E. 1000], and the same case, 115 *Ga.* 659 [42 S. E. 42]; *Innis* v. *State,* 42 *Ga.* 473; *Atlantic Coast Line R. Co.* v. *O'Neill,* 127 *Ga.* 685 [56 S. E. 986].

"2. This rule does not apply to all, even with the qualifications mentioned in the cases cited above, to a case where two witnesses directly contradict each other as to the existence or non-existence of a thing, or as to the occurrence or non-occurrence of an action, when such thing, if it existed, or such action, if it occurred, would necessarily have been equally known to both of them. *Skinner* v. *State,* 108 *Ga.* 747 [32 S. E. 844]; *Humphries* v. *State,* 100 *Ga.* 263 [28 S. E. 25]; *Killian* v. *Ga. R. Co.,* 97 *Ga.* 728 [25 S. E. 384]; Civil Code, § 5165." *Phillips* v. *State,* 1 *Ga. App.* 687 (57 S. E. 1079); *Wood* v. *State,* 1 *Ga. App.* 684 (58 S. E. 271).

The motion for new trial alleges error in the following charge: "Now, gentlemen, I charge you, in considering the case, you may look to all the facts, and whether or not the evidence of any witness is positive or negative; in that connection I charge you that the existence of a fact testified to by one positive witness is to be believed rather than that such fact did not exist because many witnesses who had the same opportunity of observation swear that they did not see or know of its having transpired. This rule does not apply when two witnesses having equal facilities for seeing or hearing a thing, one swears that it occurred and the other swears that it didn't." This charge, as given, is so nearly in the language of Code § 38-111, that its effect was the same as if the section had been given verbatim et literatim. In *Ware* v. *House,* 141 *Ga.* 410 (2) (81 S. E. 118), we have examined the original charge, and there the judge accurately and fully charged the jury the general rule of law that they were the judges of the credibility of the witnesses. However, he subsequently charged the rule of positive and negative testimony in the language of the Code, § 38-111, "with-

out stating in connection therewith that the rule applies only where the witnesses are of equal credibility," yet the court held that such a charge was error. This same Code section was given in the charge in *Hare* v. *Southern Railway Co.*, 61 *Ga. App.* 159, 161 (6 S. E. 2d, 65). In that case the court stated: "This charge was error in that the judge failed to state in connection therewith that the rule applies only where the witnesses are of equal credibility. . . The error was not cured by the following statement of the court made in connection with the erroneous charge: 'In this connection I instruct you this rule of law as to the credibility of witnesses. The weight and credit which you will give to the testimony of all witnesses is just such weight as you gentlemen think that it is entitled to receive.' "

In the instant case the judge charged in the language of Code § 38-111, without stating in connection therewith that the rule therein stated applies only when the witnesses are of equal credibility. *Atlantic Coast Line R. Co.* v. *O'Neill*, supra; *Peak* v. *State*, 5 *Ga. App.* 56 (62 S. E. 665). Here, the error was not cured in the charge by the paragraph which followed, to wit: "Now, you look to all the evidence to see if any of the material facts of this case were testified to positively by a witness and whether or not others swore to the contrary, stating that they did not know about the facts. Gentlemen, that is a matter for you to determine in considering all the evidence in the case." This did not explain that, if the jury determined that there was positive and negative testimony, they were not to give preference to the positive testimony merely because it was positive, if they were satisfied that the negative testimony was more credible. In short, it did not explain that the rule laid down in Code § 38-111 relative to positive and negative testimony applies only where the witnesses are of equal credibility. *Benton* v. *State*, 3 *Ga. App.* 453, 455 (60 S. E. 116); *Moore* v. *State*, supra.

We do not deem it necessary to discuss at length the other assignments of error, for none of them require a reversal of the judgment, and any error that may have been committed in the instructions will no doubt be corrected on another trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*