32553. HENSLEY *v.* GEORGIA & FLORIDA
RAILROAD *et al.*

<small>DECIDED SEPTEMBER 23, 1949. REHEARING DENIED OCTOBER 7, 1949.</small>

*Isaac S. Peebles Jr., Samuel E. Tyson, T. Reuben Burnside,* for plaintiff.

*Hull, Willingham, Towill & Norman,* for defendants.

FELTON, J. From the allegations of the petition the only act of negligence charged against the railroad was the failure to signal the approach of the train at this crossing as provided for by the city ordinance quoted in the statement of facts. On demurrer it is necessary to construe the pleadings most strongly against the pleader. In doing so we reach the following conclusions: In absence of any allegations to the contrary, we must infer that the plaintiff was familiar with this particular crossing, that the plaintiff was aware that she was approaching same, and that she knew it to be a dangerous crossing; that the plaintiff was approaching the crossing at a speed of 25 miles per hour and that after seeing and becoming aware of the presence of "several locomotives adjacent to the crossing with bright lights burning," she continued, without reducing speed, onto the crossing; that the lights of the plaintiff's automobile were burning brightly and the brakes of her car were in good working order; that the lights of the defendants' engine were burning and the train was traveling at a lawful rate of speed as it entered the crossing; that the plaintiff's automobile collided

with some part of the defendants' locomotive (it not being alleged what portion of the engine was struck); that there were present cars traveling in both directions from which it can be inferred that the plaintiff was driving in the right lane of traffic on the west side of Seventh Street, and having struck the engine while proceeding in the right lane of traffic, the front of the engine would necessarily have extended beyond the west side of the street, if the plaintiff ran into the rear of the engine; and that the plaintiff saw the engine at a safe distance in which to stop (it not being alleged at what distance from the engine plaintiff became aware of its presence). The allegation that, "it was impossible to see the engine with which the car in which plaintiff was riding in collided until said engine actually ran into and upon said Seventh Street, at which time it was impossible to bring said automobile to a stop before said collision," was merely a conclusion of the pleader. The plaintiff alleged that at the time of the collision "there was a drizzling rain which made visibility very poor." The effect of this allegation as a concurring proximate cause of the collision is nullified by the subsequent allegation that, "On account of said building . . it was impossible to see the engine . . until said engine actually ran into and upon said Seventh Street." Therefore, it is immaterial whether the weather conditions were ideal or inclement, as alleged, since the plaintiff's view would have been obstructed by the building regardless of the climatic conditions until the train entered upon the crossing. The plaintiff also alleged that a building along Seventh Street obstructed her view of the train until immediately prior to the collision. The only effect of such an allegation would be a circumstance to show the nature of the crossing with respect to the amount of diligence required by the operators of the defendants' train in approaching the crossing. The same amount of diligence was required by the plaintiff in that, construing the petition most strongly against her, she was aware of the crossing and of its dangerous nature, and, therefore, was inferentially aware of the fact that a train approaching the crossing from that direction could not be seen until it actually entered the intersection, and in the exercise of ordinary care should have anticipated that a train might be upon or approaching the intersection, and should have exercised her control over the automobile accordingly.

We are of the opinion that the facts alleged do not show that the failure of the defendants to signal as provided by the city ordinance was the proximate cause of the collision. The ordinance provided that a flagman shall precede the engine by not less than one-half the width of the street, and shall flag until he shall have crossed the entire width of the street, including the opposite sidewalk. If the plaintiff's automobile struck the rear of the engine, the defendants' flagman would have already crossed the intersection and would have been well beyond the western side of Seventh Street. If the plaintiff failed to see the engine of the defendants as it traversed the entire width of Seventh Street with headlight burning, it would follow that she would not have noticed a flagman or other warning device in said street at even a greater distance away than when the engine crossed in front of her. Therefore, even if the defendants had flagged this crossing as provided by law or if it had provided the substitute device, the petition clearly does not show that the collision would still not have occurred.

The judge did not err in sustaining the motion to dismiss in the nature of a general demurrer.

*Judgment affirmed.* *Sutton, C. J., and Worrill, J., concur.*