11207. GEORGIA RAILWAY & POWER COMPANY *v.* SHAW *et al.*

SMITH, J. 1. In a suit by the husband and children against a street-railway company to recover for the death of a wife and mother, alleged to have been caused by a collision between one of the defendant's street-cars and a jitney-bus in which the deceased was riding, it was error to charge the jury that " it is the duty of a motorman of a street-railway car, in propelling a car through the public streets, to notice the presence of pedestrians, and at all times be watchful to see that the way is clear, and where he has reason to apprehend danger, or should in the exercise of ordinary care be cognizant of danger, he should regulate the speed of his car so that it could be quickly stopped should the occasion require." Such a charge was tantamount to instructing the jury that the facts recited were sufficient to render the defendant negligent (*West End & Atlanta Street Railway Co.* v. *Mozely*, 79 *Ga.* 463 (1) (4 S. E. 324); *Richmond & Danville R. Co.* v. *Howard*, 79 *Ga.* 44, 53 (3 S. E. 426) ); for to charge that it was the duty of a person to do a specific thing was equivalent to an instruction that the omission to do that thing would be negligence. *Macon Ry. & Light Co.* v. *Barnes*, 121 *Ga.* 443, 446 (49 S. E. 282). Whether or not the defendant was negligent was a question for determination by the jury. See also *Alabama &c. Railroad Co.* v. *Brown*, 138 *Ga.* 328 (3) (75 S. E. 330); *Macon &c. Ry. Co.* v. *Holmes*, 103 *Ga.* 655 (3) (30 S. E. 563).

(a) The fact that the charge complained of was in the exact language used by the Supreme Court in *Perry* v. *Macon Con. St. R. Co.*, 101 *Ga.* 410 (29 S. E. 304), is insufficient to alter our ruling, since there are many things said by the Supreme Court and this court that are sound law, but which nevertheless would be grossly improper instructions to a jury. See *Savannah Ry. Co.* v. *Evans*, 115 *Ga.* 318 (41 S. E. 631, 90 Am. St. R. 116); *Merritt* v. *State*, 107 *Ga.* 679, 680 (34 S. E. 361); *Florida C. & P. R. Co.* v. *Lucas*, 110 *Ga.* 127, 128 (35 S. E. 283); *Hudson* v. *Hudson*, 90 *Ga.* 582 (3) (16 S. E. 349).

2. The court did not err in refusing to permit counsel for the defendant to elicit from a witness an answer to the question, " You had a lawsuit about this too, didn't you?" While it is generally competent to show by proper evidence the present interest of a witness in a case on

trial, or its results, the inquiry as to interest must relate to the time when the testimony is given, and should be confined to the case on trial. Even if this evidence was competent, its rejection would not work a new trial (*Van Winkle* v. *Wilkins*, 81 *Ga*. 94 (9)) (7 S. E. 644, 12 Am. St. R. 299), since it was not of such a character as would probably have materially effected the finding of the jury. *Daughtry* v. *Savannah & Statesboro Ry. Co.*, 1 *Ga. App*. 393 (2) (58 S. E. 230).

3. In estimating the value of domestic service rendered by a wife and mother, the jury are authorized to take into consideration what may be the value of many services incapable of exact proof, but measured in the light of their own observation and experience. "There need be no direct or express evidence of the value of the wife's services, either by the day, week, month, or any other period of time, or of any aggregate sum." *Metropolitan St. R. Co.* v. *Johnson*, 91 *Ga*. 466, 471, 472 (18 S. E. 816). See also *Standard Oil Co.* v. *Reagan*, 15 *Ga. App*. 600 (3) (84 S. E. 69), and numerous cases there cited. Applying these rules, the verdict will not be set aside as being excessive, since there is no direct proof of prejudice or bias, nor does the amount thereof appear to be so exorbitant, flagrantly outrageous, and extravagant as to shock the moral sense. *Really Bond & Mortgage Co.* v. *Harley*, 19 *Ga. App*. 187, 188 (91 S. E. 254).

4. The other exceptions all refer to excerpts from the charge of the court. These instructions of which complaint is made state merely the provisions of several ordinances which were made a part of the plaintiff's petition and introduced as evidence. No ruling by demurrer was invoked as to the paragraphs of the petition asserting liability for violation of the ordinances therein set forth; nor was any objection urged to their admission in evidence on the trial. In order to present for consideration of this court the question as to the liability of the defendant under the charter and ordinances of the City of Atlanta, the point should have been raised in the lower court by demurrer or other appropriate and timely exception.

5. The verdict for the plaintiff not having been demanded, a new trial is required by the error pointed out in the first paragraph above.

    *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
      DECIDED APRIL 8, 1920.

Action for damages; from Fulton superior court — Judge Bell. December 6, 1919.

*Colquitt & Conyers*, for plaintiff in error.

*Hines, Hardwick & Jordan, George F. Gober*, contra.