11802. PAYNE, director-general, *v.* CHAMBLISS.

STEPHENS, J. 1. The mere walking along a railroad track or railroad trestle is not in every case negligence per se, and, even if negligence per se, such negligence will not in every case bar a recovery for injuries received from an approaching train. Whether or not one is negligent, or to what degree he may be negligent, in crossing on a railroad trestle must be determined by the nature of the trestle, its length, height, etc., together with the character of its surroundings. Whether or not one negligently crossing upon a railroad trestle would be barred from recovery for injuries received from an approaching train must be determined by whether or not the railroad company exercised towards him the proper degree of diligence required under the circumstances.

2. Whether or not a person on a railroad track, or crossing upon a railroad trestle, is a trespasser or a licensee, the railroad company is bound to exercise special care and diligence to avoid injuring him if he is present at a place where people, with the knowledge of the railroad company, are in the habit of crossing in considerable numbers. " At such places the railway company is bound to anticipate the presence of persons on the track, to keep a reasonable lookout for them, to give warning signals, such as will apprise them of the danger of an approaching train, to moderate the speed of its train so as to enable them to escape injury; and a failure of duty in this respect will make the railway company liable to any person thereby injured," provided that his own negligence does not bar a recovery. 2 Thomp. Neg. § 1726, cited with approval in *Williams* v. *Southern Ry. Co.*, 11 *Ga. App.* 305, 311 (75 S. E. 572).

3. A petition which alleges that the plaintiff was crossing on a railroad trestle which was approximately forty feet long and ten feet high, and that people in great numbers were in the habit of walking along the

trestle, with the knowledge of the railroad company's agents, and that the plaintiff, while thus walking along the trestle, was injured by an approaching train, and which. charges negligence on the part of the railroad company as above set out, sets out a cause of action.

4. The second ground of the demurrer, not being insisted upon by the plaintiff in error, will be considered as abandoned.

5. It not appearing from the petition that the cause of action originated in the county in which the suit was brought, the general demurrer should have been sustained for this reason. *Ocilla Southern R. Co.* v. *Mc-Allister*, 20 *Ga. App.* 400 (93 S. E. 26); *Coney* v. *Horne*, 93 *Ga.* 723 (20 S. E. 213). This is true even though this ground is argued for the first time in this court, since it may be taken advantage of on general demurrer and was properly presented in the record in the court below.

6. The judgment overruling the demurrer is reversed, with leave to the plaintiff to amend by showing the above jurisdictional fact at the time the remittitur of this court is made the judgment of the court below.

*Judgment reversed, with direction. Hill, J., concurs.*

JENKINS, P. J., dissents from what is said in the 5th division of the decision. See *Burton* v. *Wadley Southern Ry. Co.*, 25 *Ga. App.* 599 (103 S. E. 881).

DECIDED SEPTEMBER 27, 1921.

Action for damages; from city court of Americus — Judge Harper. July 27, 1920.

*Yeomans & Wilkinson,* for plaintiff in error.

*Wallis & Fort,* contra.