## 26886. DAVIS *v.* THE STATE.

DECIDED SEPTEMBER 29, 1938.

*W. M. Goodwin,* for plaintiff in error.

*C. E. Mayo,* solicitor, *E. W. Jordan, J. D. Godfrey,* contra.

BROYLES, C. J. ■ "Testimony as to other transactions disconnected with that with which the defendant stands charged in the indictment, in both time and circumstance, may be used to show motive, scheme, or plan, and indeed the very nature or animus of the defendant when necessary either to identify and fix the offense upon him, or indeed to disclose the intent with which the accused acted, if there be doubt as to the intent with which the crime was committed. It is true that under the rule the jury are to receive evidence of the commission of previous crimes only for the purposes specified, and not for the purpose of determining by this alone the guilt of the accused. In other words, the jury are forbidden, although they have this evidence of the character and nature of the defendant, to convict him 'upon general principles,' as that expression is sometimes used in general parlance." *Green* v. *State,* 172 *Ga.* 635, 640 (158 S. E. 285); *Frank* v. *State,* 141 *Ga.* 243 (80 S. E. 1016); *Williams* v. *State,* 152 *Ga.* 498 (110 S. E. 286); *Crawford* v. *State,* 49 *Ga. App.* 801 (4) (176 S. E. 92). Under the foregoing ruling and the facts of the instant case, the admission of testimony as to "other transactions," as complained of in the motion for new trial, was not error.

■ The court did not err in allowing a witness for the defense, on his *cross-examination* by the solicitor, to state that he had testified for the defendant in another case "this morning."

■ The questions propounded to a witness for the defense on her direct examination (as complained of in ground 5 of the motion for new trial) were leading, and therefore the court did not err in disallowing them. The fact that the court excluded them on another ground is immaterial. A ruling correct for any

reason will be affirmed by the reviewing court, no matter upon what ground the trial court bases its ruling. *Doe* v. *Roe,* 20 *Ga.* 689 (3).

■ The complaint of the refusal of the court to suspend the trial because of the temporary absence of the solicitor from the court-room during the trial shows no cause for another hearing of the case. In a note embodied in the order approving the amendment to the motion for new trial the judge stated: "The solicitor was present, participating in every state [stage] of the trial—administering criminal oath to the jury, swearing various witnesses for State and the defendant, making an argument in behalf of the State to the jury. In early part of charge the solicitor was out of the court-room, returning before charge was completed." Furthermore, it is admitted in the brief of counsel for the plaintiff in error that during the absence of the solicitor, Mr. E. W. Jordan, "counsel for the State assisting the State," was present in the court-room.

■ Where a particular fact is established by uncontradicted evidence, or conceded by both parties to the case, it is not error for the judge to assume or intimate that the fact has been proved. *Pruitt* v. *State,* 36 *Ga. App.* 736 (138 S. E. 251), and cit. In the instant case the defendant was on trial for knowingly receiving stolen goods. The solicitor introduced in evidence the original record of the court, showing that Brooks Merritt and Allen Merritt had been indicted as the "principal thieves" of the stolen property in this case, and that they had pleaded guilty. This evidence was uncontradicted by any other evidence or by the defendant's statement to the jury. Ground 7 of the motion excepts to the following charge: "The said Brooks and Allen Merritt have pleaded guilty, at the March term, 1937, of the superior court of Washington County, to an indictment charging them with simple larceny, the taking and carrying away, with intent to steal the same, the aforesaid property of said J. W. May" (the prosecutor in the instant case). The exception to the charge was that it invaded the province of the jury, and amounted to an expression of the court's opinion that the principal thieves had been proved guilty. In approving this ground the court stated: "It was conceded throughout the trial by defendant that Brooks and Allen Merritt had entered a plea of guilty as referred to, and the same was not an

issue in the case." Under the foregoing facts and the cited authorities, the ground shows no cause for reversal of the judgment.

■ The remaining excerpts from the charge, as complained of, when considered in the light of the charge as a whole and the facts of the case, disclose no reversible error.

■ The refusal to give the requested charge was not error, since it was sufficiently covered by the charge of the court.

■ The accused was convicted of knowingly receiving stolen property; and the verdict was amply authorized by the evidence.

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*