30241. ATLANTA & WEST POINT RAILROAD CO. *v.* TWEDELL.

DECIDED MARCH 11, 1944. REHEARING DENIED MARCH 23, 1944.

814

**816**

*Heyman, Howell & Heyman,* for plaintiff in error.

*Douglas, Andrews & Cole, F. Lee Evans,* contra.

PARKER, J. (After stating the foregoing facts.)

The amendment to the petition was not subject to demurrer on any of the grounds interposed by the defendant, for only two matters were embraced by the amendment, and both had to do with the condition and maintenance of the crossing. The subject of the condition of the crossing was rather elaborately covered by the allegations of the original petition, wherein it was alleged that the crossing had been a public street crossing for twenty years or more, that the crossing was in an incorporated city, and that it was regularly used by the general public traveling over it, all of which was well known to the defendant. In its answer, the defendant had admitted those allegations. The amendment alleged that the defendant failed to maintain a watchman or signal device at the crossing to warn those using the crossing of the approach of trains, and was negligent in not affording a watchman or signaling de-

vice for such purpose. The court did not err in overruling the special demurrers to the allegations of the amendment charging negligence on the part of the defendant in failing to provide a watchman or signaling device, in view of the particular facts and circumstances alleged in connection therewith. *Central of Georgia Ry. Co. v. Barnett*, 35 *Ga. App.* 528 (1 *a*) 531 (134 S. E. 126). The plaintiff had alleged sufficient facts and circumstances in her description of the crossing to warrant the allegations of the amendment relative to the lack of a watchman or signaling device. The other matter added by amendment was an allegation that the eastern approach to the crossing was not maintained in good repair and in a safe condition, as required by law. The eastern approach was a part of the crossing required by law to be kept in good repair, and in a safe condition by the defendant. It was conceivable that the condition of the eastern approach, in view of its proximity to the eastern track (northbound track), and its being a part of the whole crossing, could have been related to the cause of action alleged by the plaintiff in her petition, and certainly it was related to the version of the incident as alleged in the defendant's answer. The defendant was the first to inject the eastern approach into the allegations. At any rate, as in the case of the allegations as to the lack of a watchman or signaling device, allegations as to the condition of the eastern approach to the crossing were allowable, in view of the particular facts and circumstances in connection therewith already alleged in the petition. The two matters alleged in the amendment were merely an enlargement upon the scope of the allegations already made respecting the defendant's duty to maintain its public crossing in a safe manner and in a safe condition.

There was evidence which tended to support the allegations of the petition with reference to the acts of negligence charged against the defendant. The jury were authorized to infer from the evidence that the defendant was negligent in failing to maintain the crossing as required by the statute; or in failing to sound the bell, and give the whistle signals; or in the failure of its train crew to keep the required lookout ahead; or in failing to keep under control the movement of the train as it approached the crossing. It is well settled that the proof of any one or more acts of negligence alleged will sustain a verdict. It was not proper for the trial

judge to charge the jury that they should find for the defendant if they found that the incident occurred as alleged in the defendant's answer, for the existence of negligence was still a question of fact for the jury, even under the defendant's version of the collision; therefore there was no error in failing thus to charge the jury.

The plaintiff in error argues that its evidence is positive and emphatic, and describes the evidence of the defendant in error in terms equivalent to calling it negative evidence. While it is true that positive evidence must prevail over negative evidence when all other things are equal, still the rule applies only where the witnesses are of equal credibility. The jury could well have taken into consideration the fact that the so-called "positive" witnesses were employees of the defendant, and that the "negative" witnesses, for the most part, were disinterested persons. For treatment of the subject of positive and negative evidence, see *Wood* v. *State,* 1 *Ga. App.* 684 (58 S. E. 271); *Benton* v. *State,* 3 *Ga. App.* 453 (60 S. E. 116); *Moore* v. *State,* 57 *Ga. App.* 287 (195 S. E. 320); *Hare* v. *Southern Ry. Co.,* 61 *Ga. App.* 159 (6 S. E. 2d, 65); *Great American Indemnity Co.* v. *Oxford,* 68 *Ga. App.* 884 (24 S. E. 2d, 726), and cit. Proof of physical facts may be sufficient to disprove even positive testimony. *Atlantic & Birmingham Ry. Co.* v. *Clute,* 3 *Ga. App.* 508 (60 S. E. 277). And physical facts and circumstances may be sufficient to authorize the jury to disbelieve the witnesses of a party, and thereby to impeach them. *Atlantic & Birmingham Ry. Co.* v. *Clute,* supra; *Atlantic Coast Line R. Co.* v. *Paulk,* 33 *Ga. App.* 293 (125 S. E. 865); *McRae* v. *Wilby,* 59 *Ga. App.* 401, 409 (1 S. E. 2d, 77). The fact that a witness is an employee of one of the parties is a proper matter to be considered by the jury in passing upon his credibility. *Central of Georgia Ry. Co.* v. *Bagley,* 121 *Ga.* 781 (4) (49 S. E. 780); *McRae* v. *Wilby,* supra. On the trial of the instant case there was evidence as to the physical facts and circumstances, and in many instances such evidence tended to conflict with the oral positive testimony. The evidence authorized the court to charge the jury on each and every principle complained of by the plaintiff in error. In each instance there was before the jury sufficient evidence to warrant their consideration of the several issues as to negligence. Questions of negligence, proximate cause, and failure to exercise ordinary care to avoid the consequences of another's negligence, are for the jury,

except in plain and indisputable cases. Authorities in support of this well-settled principle are voluminous.

The jury having found for the plaintiff, and there being evidence to support the verdict, this court is without authority to disturb the verdict where no error of law appears. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, P. J., concurs.*

FELTON, J., dissenting. Correctly interpreted, the evidence is uncontradicted as to how the injury occurred, and shows that the deceased had crossed the tracks before the approach of the train, and that his automobile rolled back on the track on which the train was running, into its path. I think it was error, in view of such evidence, for the court to submit to the jury issues as to matters which were not shown to have had any causal connection with the injuries. These issues were: the failure of the defendant to keep the crossing and its approaches in good repair; allowing its engine to approach the crossing without ringing the bell; failing to maintain the east approach of the crossing in good condition; and failing to maintain a watchman or signaling device at the crossing. I think a new trial should have been granted.