32997. SYLVANIA CENTRAL RAILWAY
COMPANY *v.* GAY.

DECIDED OCTOBER 19, 1950.

*Price & Spivey,* for plaintiff in error.

*Milton A. Carlton, W. C. Hawkins,* contra.

WORRILL, J. Mrs. Wudie Gay sued the Sylvania Central Railway Company for damages because of the death of her husband alleged to have resulted from the collision of an automobile driven by the deceased with a train of the defendant at a grade crossing in the town of Sylvania, Georgia. The case was previously before this court upon an appeal from a former trial, and for a statement of the pleadings and the facts therein see *Gay* v. *Sylvania Central Ry. Co.,* 79 *Ga. App.* 362 (53 S. E. 2d, 713). The pleadings in this case are the same except that upon the return of the case to the trial court the plaintiff amended her petition by the addition of a paragraph, designated "11a," as follows: "That said defendant railway company failed to stop the said train before the same reached the said crossing, and failed to send a trainman forward to see if the road was clear of vehicular traffic approaching the said blind and obstructed crossing, and failed to maintain a watchman at this crossing to warn travellers on the highway, including the deceased, John R. Gay, of the approach of a train to said crossing, all of which said omissions to act constitute negligence of [on] the part of said railway company proximately causing the death of the said John R. Gay." The defendant demurred to this amendment and to each of its parts or specifications of negligence on the ground that there being no allegations in the petition showing that the crossing involved was unsafe and not in good condition, the acts and omissions therein charged to the

defendant did not constitute actionable negligence against the defendant, and that the allegations of the amendment did not show the failure of the defendant to perform any duty imposed upon it in approaching the crossing or in the operation of its train upon the crossing. The court overruled this demurrer and the defendant excepted pendente lite.

Upon the trial of the case the jury found for the plaintiff the sum of $10,000, and the defendant made a motion for a new trial on the general grounds which was amended by the addition of four special grounds, and the assignment of error in this court is on the order of the court overruling the motion for new trial, and on the exceptions pendente lite.

■ The court did not err in overruling the special demurrer to the paragraph of the amendment as set forth in the statement of facts. The petition elsewhere had alleged in detail the facts describing the situation of the crossing where the homicide occurred, the obstructions of the view at the crossing, the condition of the crossing, its location within the city limits of the town of Sylvania, and the fact that the crossing was formed by the railroad's juncture with a frequently traveled paved public highway. Under the allegations of the petition it was a question for the jury to determine whether the defendant was guilty of negligence proximately causing the death of the plaintiff's husband in failing to have someone of the train crew precede the engine onto the crossing on foot, or was guilty of such negligence in failing to maintain a watchman at the crossing or some mechanical means of actually advising the persons traveling the highway and traversing the crossing as to the approach of the train, or in failing to stop the train before entering onto the crossing. *Central of Ga. Ry. Co.* v. *Barnett,* 35 *Ga. App.* 528 (1a) (134 S. E. 126); *Central of Ga. Ry. Co.* v. *Leonard,* 49 *Ga. App.* 689 (4) (176 S. E. 137); *Atlanta & West Point R. Co.* v. *Twedell,* 70 *Ga. App.* 812, 816, 817 (29 S. E. 2d, 668).

■ Error is assigned in the first special ground of the motion for new trial on the admission over the defendant's objection of a photograph of the scene of the homicide made the day before the trial. This evidence was objected to by the defendant on the ground that it was made almost two years after the date of the homicide and that it did not appear that the train shown

by the photograph was the same train involved in the alleged accident so as to illustrate whether the buildings, lumber piles and other obstructions alleged in the plaintiff's petition obstructed the view of the deceased of the approaching train. Besides the photograph in question, the plaintiff introduced in evidence several other photographs of the locale which according to testimony were taken on the day of the homicide. Besides this there was ample testimony showing exactly the arrangement and locations of the various obstructions to the deceased's vision as they existed on the day of the homicide. Also the defendant introduced in evidence photographs of the scene which were taken within a short while after the occurrence of the homicide. Furthermore a witness for the defendant testified as to the differences in the situation as illustrated by the photograph in question over what they were on the day of the homicide. We think that this testimony was ample to place this ruling within the principles laid down in *Western & Atlantic R. v. Hughes*, 37 *Ga. App.* 771 (6) (142 S. E. 185), *Georgia Power Co. v. Gillespie*, 48 *Ga. App.* 688 (8), 700, 702 (173 S. E. 755, and *Coffee County v. Denton*, 64 *Ga. App.* 368 (13 S. E. 2d, 209).

■ The second special ground of the motion for a new trial complains because the court charged the jury the provisions of the Code, § 94-1108 relating to the presumption of negligence against railroads where the injury inflicted was the result of the running or operation of the defendant's locomotive, train or cars. It may be conceded that this charge was error since the defendant placed in evidence ample testimony relating to the manner in which it was operating its train at the time of the injury. See *Macon, Dublin & Savannah R. Co. v. Stephens*, 66 *Ga. App.* 636 (19 S. E. 2d, 32). In this ground of the motion for a new trial the plaintiff in error sets forth a further excerpt from the charge given near the end of the charge in the following language: "It seems that there are certain conditions under which a Code section I charged you here is applicable and certain conditions in which it is not applicable; so I'm going to withdraw from your consideration this Code section 94-1108; 'all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars

of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury.' Then the further statement: 'the presumption afforded by the statute is a rebuttable presumption and disappears when the railroad company introduces evidence showing the exercise of reasonable care and skill, that is, ordinary care by its employees in the operation of the train at the time and place in question.' I withdraw that part of the charge from your consideration." While the plaintiff in error recognized that ordinarily the withdrawal of an erroneous portion of the charge sufficiently cures the error of giving such portion, nevertheless it is contended that this quoted excerpt was not sufficient to constitute a withdrawal of the erroneous portion of the charge. We cannot agree with this contention. We think that it was apparent to the jury just what portion of the charge was inapplicable and should be disregarded by them. See *Southern Ry. Co.* v. *Holbrook*, 124 *Ga.* 679 (1) (53 S. E. 203); *Central of Ga. Ry. Co.* v. *Ray*, 133 *Ga.* 126 (1) (65 S. E. 281); *Central of Georgia Ry. Co.* v. *Garrison*, 12 *Ga. App.* 369 (6), 375 (77 S. E. 193).

■ The defendant assigns error in ground three of the amendment to the motion for a new trial because the court erred in failing to charge the jury on the form of the verdict. It is alleged that this was error because: "(a) If the jury was convinced from the evidence that the plaintiff was not entitled to recover it was not furnished the form for a verdict in favor of the defendant. (b) That the jury was without instruction as to how to write their verdict all of which was confusing and misleading to the jury. (c) That said failure to charge the form of the verdict was erroneous because the law directs that the court shall charge the jury giving it the law upon all issues of fact made in the case and the form of the verdict." In support of this ground of the motion the plaintiff in error cites the cases of *Pritchett* v. *State*, 92 *Ga.* 65 (9) (18 S. E. 536), and *Rockmore* v. *State*, 93 *Ga.* 123 (3) (19 S. E. 32). As will be observed, these last cited cases are criminal cases and the holdings therein relate to instances where the trial judge failed to give the jury the form of the verdict in case they found the defendant *not guilty*. Such rulings, of course, are not applicable

here, and we do not think that the ruling in those cases is controlling in this case. If this error was harmful to the defendant, it was equally harmful to the plaintiff, since this failure to instruct the jury as to the form of the verdict covered its finding either way. Furthermore, the defendant has not demonstrated how or in what way such neglect to charge was hurtful to it. Surely it cannot be contended that the jurors did not have intelligence enough to form a verdict in substantially the form of "We find for the defendant," or "We find against the plaintiff," even without any instructions, and that for this reason they composed a more complicated verdict for the plaintiff and against their real wishes.

■ Complaint is made in ground 4 of the amendment to the motion for a new trial of this excerpt from the charge: "However, after you consider the evidence in this case, if you find that the railroad company did not exercise ordinary care and diligence at the time and place in question but did violate the law, in that it did not keep a proper lookout or did not toll the bell and sound any warning of any approach, why then you would return a verdict in favor of the plaintiff." This charge is excepted to on the ground that the court did not in immediate connection therewith instruct the jury that if the deceased was not in the exercise of ordinary care at the time of the injury, or could have avoided the consequences to himself of the defendant's negligence by the exercise of ordinary care, then the plaintiff could not recover.

Immediately following the excerpt complained of the court said: "I'll instruct you more fully in a minute or two along that line." Then immediately follows a discussion of the duties devolving upon operators of automobiles generally to observe the city and State speed laws. Then immediately follows: "The defendant in this case, among the other contentions that it makes, was that the plaintiff's husband, Mr. J. R. Gay, was operating an automobile in excess of fifty-five miles an hour and in violation of the laws of this State. If you find that to be true, from the evidence in this case, that would be what the law calls negligence per se, that is negligence of itself, and if you find that to be true, I charge you, that the plaintiff would not be entitled to recover in this case. On the other hand, if

you find from the evidence it is not true, why she would be entitled to recover under the evidence, if you find that the defendant was negligent in any of the manners in which are set out in the petition." Thereafter the court instructed the jury that, "If you should determine, in the consideration of the evidence, under the rules of law which I give you, that the defendant was negligent in the degree amounting to failure to exercise ordinary care and diligence and that was the proximate cause of such negligence of the defendant the plaintiff sustained damage, that the plaintiff could not have avoided the conse-quence of such negligence of the defendant by the exercise of ordinary care and diligence, after the same was apparent or should have been apparent to her husband, I charge you the plaintiff would be entitled to recover a verdict at your hands."

While, manifestly, the omission to charge, in the excerpt complained of, that the deceased was under the duty to exercise ordinary care and diligence in avoiding the defendant's negli-gence after it became known to him, or that if the plaintiff could have by the exercise of ordinary care and diligence avoided the consequences to himself of the defendant's negligence was error, and while perhaps it would have been better to so charge in immediate connection therewith, nevertheless, we think the charge last quoted above and which appears in the record some two pages later than the charge complained of, sufficiently cov-ered the essential law of the case and the issues raised therein, and that for these reasons the court did not err in overruling the motion for a new trial as to ground 4 of the amendment.

■ Counsel for the defendant in their brief argue earnestly that the verdict for the plaintiff was unsupported by the evi-dence, and the principal footing upon which they base this contention is that the plaintiff failed to prove her allegations of negligence against the defendant, and further that the deceased was not in the exercise of ordinary care and diligence for his own safety. The plaintiff's evidence tended to show that the defendant's train was being operated across a heavily traveled public highway within the limits of the City of Sylvania, that on the side of the highway from which the train approached the crossing was a lumber or planing mill which was operating and emitting steam and smoke, that the hour of the collision was

close to noon and that the whistle of the said mill was customarily blown at about that time, that there were stacks of lumber adjacent to the highway and to the railroad track, so placed that they tended to obstruct the deceased's vision of the defendant's approaching engine and train as he approached the crossing, and, farther back along the line of the railroad track, the buildings of the lumber mill also tended to so obstruct the view of one so approaching the crossing, that the day was cloudy and overcast and that it had been raining, and that the defendant's agents operated the train onto the crossing and over it at a speed of 20 to 25 miles per hour without any visual warning being given. Conceding that the evidence demanded a finding that the whistle of the engine was being blown and that the bell was being rung, we cannot say as a matter of law that the defendant was not guilty of some negligence in so operating its train under the circumstances. Except in plain and indisputable cases it is always a question for the jury whether the defendant was negligent as charged in the petition and whether its negligence proximately contributed to the plaintiff's injuries and damage, and this is not such a plain and indisputable case. As we construe the arguments of counsel, the only real ground of negligence charged to the deceased in this case was excessive speed in approaching the crossing. While the evidence strongly supports the view that the deceased was guilty of some negligence in this regard, we cannot say that the jury were not authorized to weigh such negligence against that of the defendant and find that the defendant's negligence was greater than that of the deceased. For these reasons the trial court did not err in overruling the motion for a new trial on the general grounds.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. Laws, 1945, p. 232).

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Felton, Gardner, and Townsend, JJ., concur.*