38416. JONES, Receiver v. GRANTHAM.

Decided September 27, 1960.

Hull, Willingham, Towill & Norman, Montgomery L. Preston, H. J. Quincey, for plaintiff in error.

Sapp & Holton, Elie L. Holton, Arthur C. Farrar, contra.

Nichols, Judge. ■ The defendant's special demurrers 1, 4 and 6 are without merit for the reason that the deficiencies complained of in said special demurrers were supplied by subsequent amendments to the petition.

Special demurrers 2 and 5 are addressed to paragraphs 5 and 11, and subparagraphs F, G, J and L of paragraph 11, and complain that such allegations as contained therein are immaterial, irrelevant and seek to impose onerous duties not required under the law. In Atlantic Coast Line R. Co. v. Coxwell, 93 Ga. App. 159, 164 (91 S. E. 2d 135), the holding in Evans v. Georgia Northern R. Co., 78 Ga. App. 709, 712 (52 S. E. 2d 28), cited by

the defendant in its brief was expressly overruled. Moreover, the present case is a guest case and there are other allegations of negligence in plaintiff's petition than those demurred to here. The trial court did not err in overruling these special demurrers because, "There are circumstances where due care for the safety of others would require a railroad obstructing a crossing to place a guard, light, or some other warning at a proper point to give notice for the time that the crossing is obstructed. *Mann v. Central of Ga. Ry. Co.*, 43 Ga. App. 708, 711 (160 S. E. 131) ; *Atlantic Coast Line R. Co. v. Marshall*, 89 Ga. App. 740, 743 (81 S. E. 2d 228). An illustration of such circumstances is a 'misty and foggy morning.' *Gay v. Smith*, 51 Ga. App. 615, 616 (181 S. E. 129)." *Savannah &c. Ry. Co. v. Newsome*, 90 Ga. App. 390, 394 (83 S. E. 2d 80) ; *Atlantic Coast Line R. Co. v. Studdard*, 99 Ga. App. 609, 612 (109 S. E. 2d 523). In the present case a jury question was presented by the petition, as amended, as to whether or not the defendant should have provided some warning which it did not provide, and whether the failure to provide such warning was a proximate cause of the plaintiff's injury and damage.

The defendant's special demurrer 3 complains that the allegations in paragraphs 6 and 4 of the petition are at variance and in conflict with each other, in that paragraph 4 alleges that the occupants of the truck could not see the locomotive approaching, and paragraph 6 alleges that the truck and its movements were plainly discernible by the persons operating the locomotive. It is true that these paragraphs do so allege, but in addition thereto paragraph 4 alleges that Walker Street, the street over which the plaintiff was traveling at the time has a 10% grade upward over said railroad crossing, and that the collision happened during the nighttime and that the headlights on said truck were shining, thereby making the truck and its movements discernible to the operators of said locomotive. The case of *Hensley v. Georgia &c. R. Co.*, 80 Ga. App. 67 (55 S. E. 2d 249), cited by the defendant is not in point in that it was not a guest case, and the grounds of negligence were not shown to be the proximate cause of the plaintiff's injury. The trial court did not err in overruling this special demurrer.

The petition as amended stated a cause of action as against a

general demurrer. The petition charged the defendant with sufficient acts of negligence, proof of any one of which would require submission of the case to a jury, and as already stated in this opinion elsewhere, this is a guest case, and the cases cited by defendant in support of its position are not in point. The trial court did not err in overruling the general or any of the special demurrers.

■ Error is assigned on the trial court's overruling the defendant's motion for judgment notwithstanding the mistrial. The defendant contends in its brief that if all the evidence introduced by the plaintiff with reference to the boxcar, which allegedly prevented the plaintiff and the driver of the truck in which he was riding from seeing the locomotive had been ruled out, as defendant's counsel so moved the court to do, that the plaintiff would have failed to adduce sufficient evidence to require the submission of the case to the jury. With this contention we cannot agree. There are other facts and circumstances, under the pleadings and evidence in this case, even assuming arguendo that the boxcar was not present, as contended by the defendant, sufficient to warrant the submission of the case to the jury, such as the position of the block building, the fact of it being nighttime and no audible sounds of warning, etc. Moreover in *Wooten v. Life Ins. Co. of Ga.*, 93 Ga. App. 665, 670 (92 S. E. 2d 567), it was held: "The record as it exists at the close of the trial controls as to whether the verdict should be directed and as to whether the motion for judgment notwithstanding verdict should be granted. . . Under this rule the trial court may not on motion for judgment notwithstanding the verdict eliminate evidence on the ground that it was improperly received at the trial and then dispose of the case on the basis of the diminished record." The evidence complained of here in this assignment of error and sought to be deleted would require a motion for new trial to obtain a ruling that this evidence had been erroneously admitted. The trial court did not err in overruling the motion for judgment notwithstanding the mistrial.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*