43522. TURKETT v. CENTRAL OF GEORGIA RAILWAY COMPANY.

SUBMITTED MARCH 6, 1968—DECIDED APRIL 8, 1968.

618

*James I. Parker,* for appellant.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith, James A. Robbins, Jr.,* for appellee.

DEEN, Judge. 1. "A motorist upon the public highways of this State has a right to assume that the road ahead of him is clear. *Mathis v. Nelson,* 79 Ga. App. 639, 642 (54 SE2d 710)." *State Constr. Co. v. Johnson,* 82 Ga. App. 698, 701 (62 SE2d 413). Where he has no knowledge of the obstruction, whether he has himself exercised the care required of him under the circumstances to avoid injury to himself is a jury question. *Powell v. Barker,* 96 Ga. App. 592, 600 (101 SE2d 113), and see *Doby v. W. L. Florence Constr. Co.,* 71 Ga. App. 888 (4, 6) (32 SE2d 527); *Rogers v. Johnson,* 94 Ga. App. 666, 678 (96 SE2d 285); *Trammell v. Matthews,* 84 Ga. App. 332, 337 (66 SE2d 183). "A plaintiff is not necessarily guilty of such negligence as would bar a recovery for injuries sustained as the result of his running into an obstruction in a highway, as against one negligently obstructing the highway or street, by reason of the mere fact that he operates his automobile along such highway or street at night and at such a speed as would render it impossible for him to stop within the distance illuminated by his headlights." *Central of Ga. R. Co. v. Brower,* 102 Ga. App. 462, 466 (116 SE2d 679). Whether the defendant was negligent in placing an unlighted warning sign in the middle of the street, and whether the plaintiff who ran into it failed to exercise due care for his

own safety are both jury questions. The trial court erred in dismissing the petition.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*