## 46763. BRINDLE v. THE STATE.

JORDAN, Presiding Judge. The accused, charged with theft by taking, appeals from an order overruling his plea of former jeopardy. *Held:*

1. We reverse. The issue on appeal is whether the accused may be tried again following a mistrial declared by the trial judge ex mero motu over the objection of the accused. The transcript designated by the appellant and sent to this court discloses that a jury was empaneled and four witnesses had testified, that the trial judge then proceeded to question a juror concerning her relationship to the accused, that her answers disclosed she was his second cousin, that in response to a question by counsel for the accused she stated that she held up her hand in reply to the voir dire examination about relationship. The trial judge stated he did not see her raise her hand and that the district attorney was seated with his back to her when she disclosed her relationship on voir dire. The trial judge then stated that inasmuch as the juror was related to the accused within a prohibited degree he

would on his own motion declare a mistrial and did so declare. Counsel for the accused asked the court to reconsider, and the trial judge then discharged the jury.

"The Constitution of this State declares that 'No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial.' When, therefore, a person accused has been put upon his trial, and a jury, selected by him and the State, charged with the case, there must be a verdict either for or against him, *unless there is an absolute moral or physical necessity for a mistrial or he consents to the same.* Consequently, if a judge capriciously or erroneously declares a mistrial and the accused is again put upon trial, he will be placed in jeopardy a second time for the same offense." (Emphasis supplied.) *Oliveros v. State,* 120 Ga. 237, 239 (47 SE 627,1 AC 114). See, in this connection, United States v. Walden, (CA4) 448 F2d 925 and *Nolan v. State,* 55 Ga. 521 (21 AR 281).

The disqualification of a juror by relationship *(Code Ann.* § 59-716) may be expressly or impliedly waived by a party having cause to complain, and if expressly or impliedly waived, it is conclusively presumed that no harm or benefit to either party resulted from the disqualification, and where it appears that the party having cause to complain either knew of the relationship, or could have discovered it by the timely exercise of ordinary diligence, and remained silent, that party will be presumed to have waived the disqualification. *Jennings v. Autry,* 94 Ga. App. 344 (4, 5) (94 SE2d 629), and cited cases. After verdict, an accused cannot obtain a new trial by reason of the fact that a juror is disqualified by relationship to a prosecutor, unless he can show that before the verdict he and his counsel did not know of the relationship, and could not have discovered it by the exercise of ordinary diligence. *Williams v. State,* 206 Ga. 107, 110 (55 SE2d 589).

We think in principle the same waiver test is applicable to

the State, in respect to a juror disqualified by reason of relationship to the accused, and that where it appears that the representative of the State had his back turned to the juror during the conduct of the voir dire, and therefore could not discern that a juror acknowledged her relationship, he impliedly waived any cause for complaint by the State, in respect to which, once the accused has been put in jeopardy by the State, the trial judge cannot interfere by declaring a mistrial without the consent of the accused.

The circumstances here disclose, in our opinion, no absolute moral or physical necessity for the declaration of a mistrial without the consent of the accused. To hold otherwise would render the principles stated in *Oliveros* and *Nolan,* supra, meaningless, and relieve the State of standards now imposed on the accused to make timely discovery of disqualification, or else be held to a waiver.

2. The motion to dismiss the appeal on the ground that the portion of the transcript designated by the appellant to be sent to the Court of Appeals in insufficient for a determination of the issue on appeal is denied.

*Judgment reversed. Deen and Clark, JJ., concur.*
ARGUED JANUARY 5, 1972—DECIDED JANUARY 18, 1972.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Robert B. Adams, District Attorney,* for appellee.