46778. FITZPATRICK v. JIM CLAY FORD, INC. et al.

QUILLIAN, Judge. This case arose by reason of the plaintiff slipping and falling on April 3, 1968, while an invitee on the premises of Jim Clay Ford, Inc.

The plaintiff contended that a walkway and guardrail on the exterior portion of the premises owned by the defendant, Jim Clay Ford, was hazardous in that Thompson and Hancock, architects for the building, were negligent in designing the walkway and guardrail; that Charles H. Hardin Construction Company, the contractor, was negligent in the building of the walkway and guardrail; that Jim Clay Ford, Inc., the owner of the premises, was negligent in maintaining a hazardous walkway.

Upon the trial of the case the jury returned a verdict for the defendant. The appellant filed a motion for a new trial which was overruled and the case is here for review. *Held:*

1. The appellant contends that the trial judge erred in charging the jury as follows: "Ladies and Gentlemen of the jury, I charge you that failure to place guardrails or bannisters does not constitute negligence on the part of the defendant Jim Clay Ford."

This charge was error because it instructed the jury that *as a matter of law* the failure to place guardrails did not constitute negligence on the part of Jim Clay Ford. While the jury might have been authorized to determine that under the circumstances of this case the failure to

have the guardrail extend any further along the walkway was not negligence, this was a question for the jury's determination. The jury might also have been authorized to find that the failure to extend the guardrail produced conditions which were less safe than those provided by ordinarily prudent owners or occupiers of land for their invitees. *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693); *Brand v. Pope,* 103 Ga. App. 489, 491 (119 SE2d 723).

In *Taff v. Harris,* 118 Ga. App. 611 (164 SE2d 881), it was held that the failure to place guardrails on the entrance porch of a dwelling was not negligence. While the absence of guardrails may have been held not to constitute negligence in the *Harris* case, it cannot be said that as a matter of law this would never be negligence. Whether or not this failure was negligent would have to be determined upon the circumstances of each case. In making this determination the location, height and width of the steps or walkway would have to be considered.

Although it is true that the language of the charge objected to was taken almost verbatim from *Taff v. Harris,* 118 Ga. App. 611, supra, it has been held that language used by this court and the Supreme Court, while appropriate in a headnote or opinion, may be improper when embodied in a charge. *Savannah, F. & W. R. Co. v. Evans,* 115 Ga. 315 (1, 2) (41 SE 631, 90 ASR 116); *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108 (2) (51 SE 29).

2. The remaining enumerations of error are either without merit or are not likely to recur.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*
ARGUED JANUARY 7, 1972—DECIDED APRIL 12, 1972.

*Wilson Brooks,* for appellant.
*Johnson, Harper, Daniel & Ward, Inslee M. Johnson, Heyman & Sizemore, John P. Manton, Neely, Freeman & Hawkins, J. Bruce Welch,* for appellees.