48434. SEABOARD COAST LINE RAILROAD COMPANY v. SMITH.

STOLZ, Judge.

This is an appeal by Seaboard Coast Line Railroad from the overruling of a motion for new trial as amended which followed a verdict obtained by Smith in his damage suit for personal injuries sustained in a railroad crossing collision. Plaintiff below was a passenger in his van type automobile in which there were five of his employees, one of whom was driving Smith's car under plaintiff's control. The collision between the engine and the vehicle occurred at approximately 3:30 a.m. at a time when the railroad

was engaged in a switching operation at a public highway crossing. There was a heavy misty fog at the location which impaired visibility. Further relevant facts will be stated in the opinion.

1. (a) The first enumeration of error reads: "The court erred in failing to furnish the parties a panel of twenty-four competent and qualified jurors from which to strike a jury, the court failing to qualify the jurors as to whether any were employees of the railroad company, thereby furnishing a panel of twenty-four jurors, six of whom were employees of the Seaboard Coast Line Railroad Company, and the defendant railroad having stricken three of the employees, and having exhausted all six of its strikes, two employees of the railroad were left on the jury who were incompetent and disqualified." The record shows: "Matters relating to the qualifications of the jurors to try this case arose at the beginning of the trial. The question arose as to whether employees of the Railroad Company were qualified jurors. Counsel for plaintiff contended that employees of a party were not disqualified. Counsel for defendant contended that employees of a party had always been held to be disqualified. The court, after discussion of the matter with counsel, ruled that employees of the Railroad Company were not disqualified to sit as jurors and some six or seven employees were placed on the panel of jurors from which the parties were required to strike."

Following a hearing upon this motion, the trial judge directed the following to be added to the transcript of record: "When the names of the panel of jurors were called by the Clerk, the Court qualified these jurors with respect to relationship to the plaintiff and to his counsel, also as to whether any of the jurors were officers, directors, stockholders, agents or employees of the Seaboard Coast Line Railroad Company. Whereupon, Mr. Neville, of counsel for the plaintiff, argued to the Court that the courts had held that mere employees of a party, as distinguished from agents, were not disqualified. The court then called counsel to the bench, and Mr. Pedrick, of counsel for the defendant, stated that he contended that employees were disqualified. After some discussion the court qualified the jury as to relationship to the

plaintiff and to his counsel; also as to whether any of the jurors were officers, directors, stockholders or agents of the Seaboard Coast Line Railroad Company, and omitted qualifying the jurors as to being employees of the railroad.

"A panel of twenty-four jurors was furnished to counsel for the purpose of striking. Six of this panel were employees of the railroad company, to wit: Virgil M. Hanchey, Billy Jacobs, J. L. Stevens, Tim Bill (Beale) Hickox, Cecil Lynn and Edward Sowell. Plaintiff's counsel used all of his six strikes, one being Edward Sowell, an employee of the railroad. Defendant railroad used all of its six strikes, three of such strikes being employees of the railroad company, to wit: Billy Jacobs, J. L. Stevens and Virgil M. Hanchey. Two employees of the railroad company were left on the jury and sat as jurors during the trial and participated in the verdict, to wit: Cecil Lynn and Tim Bill (Beale) Hickox." (T. 1, 2).

"The object of all legal investigation is the discovery of truth." Code § 38-101. In attempting to obtain this ideal, the parties to the case are entitled to have a panel of impartial jurors to select from. Certainly, being a relative or an employee of a party or of counsel having a financial interest in the litigation to be tried, materially detracts from a prospective juror's impartiality. Once such facts become known to the trial judge, he should excuse such prospective jurors and replace them with others not so afflicted. It is not fair to require a juror to sit in judgment on his relative or employer. One can no more judicially assume that a relative or employee sitting as a juror will be partial toward a litigant relative or employer, than we can assume that nations which have been our allies in the past will always be such. Perhaps the one fact that can be assumed is that relatives or employees will be biased one way or the other. "Let there be no thumb on the scale when the jury weighs the evidence." *Jones v. Cloud,* 119 Ga. App. 697, 708 (168 SE2d 598). Also see excellent discussion in Division 5 at page 705. To more consistently attain a fair trial by fair and impartial jurors, relatives and employees should be excluded from jury service except where there is a waiver by counsel for both parties.

The wisdom of such rule is substantiated when one considers the plight of any employee during voir dire. "The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination." *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865). An individual subpoenaed to jury service in the performance of his public duty should not be called upon to answer affirmatively or negatively with its resultant impact either way upon him personally the question: "Would your employment prevent you from fulfillment of your sworn duty as a juror to act fairly and impartially and without any bias as between the parties in this case?" In order to insure that each party obtains a panel of impartial jurors it is essential to rule that regardless of any presumption employees should be held incompetent to serve as a juror in a case in which the employer is a party.

(b) However, it has long been held that the disqualification of a juror may be waived. See *Brindle v. State,* 125 Ga. App. 298, 299 (187 SE2d 310) and cit. Thus, where disqualification appears by reason of relationship, employment, or any expressed prejudice or bias, the court should remove the prospective juror from the panel *where there is an objection by counsel for any party.* A review of the record in the case sub judice does not reveal an objection to the trial court's failure to qualify the prospective jurors as to their employment by the defendant railroad. The contention made by defense counsel, as shown in the supplemental record, prior to the trial judge's qualifying the prospective jurors, is insufficient. A contention *prior* to a ruling can never be the equivalent of an objection to a ruling. We construe the record to show a waiver of the disqualification and consequently no merit in the first enumeration of error.

2. The second enumeration attacks that portion of the charge in which the court said "[I]t is not necessarily such a lack of ordinary care on the automobile driver's part as will defeat a recovery for the operator of a properly equipped automobile to drive it in the night at such a rate of speed that he cannot stop within the limit of his vision ahead. This is true whether the night was

foggy or clear. In other words, if you find that the operator of the plaintiff's vehicle was operating the same at such a rate of speed that he could not stop within the limit of his vision ahead, this fact alone would not necessarily constitute a lack of ordinary care, but it would be your responsibility to take into consideration from the evidence all the facts and circumstances as you find them to be." (T. 259-260). There is no error in this instruction as it placed upon the jury the duty to make the final determination of whether or not the plaintiff was in the exercise of ordinary care under all of the evidence. *Bach v. Bragg Bros. &c.,* 53 Ga. App. 574 (3) (186 SE 711); *Rogers v. Johnson,* 94 Ga. App. 666 (96 SE2d 285); *Central of Ga. R. Co. v. Brower,* 106 Ga. App. 340, 347 (127 SE2d 33).

3. Enumeration of error number 3 attacks this portion of the charge: "I charge you that there are circumstances where due care for the safety of others would require a railroad obstructing a crossing to place a guard, light, or some other warning at a proper point to give notice for the time that the crossing is obstructed. *An illustration of such circumstances is a misty and foggy morning.* Except in clear and indisputable cases, whether particular circumstances require such action on the part of the railroad is a question exclusively for the jury to determine." (Emphasis supplied.) (T. 260). This instruction was excepted to on the ground that it amounted to "an expression of opinion as to what the railroad would be required to do on a misty and foggy morning which was emphasizing the facts in this case" and that it was "further error because it was argumentative in view of the evidence of mist and fog."

This instruction was quoted from the cases of *Savannah & A. R. Co. v. Newsome,* 90 Ga. App. 390, 394 (83 SE2d 80); *Atlantic C. L. R. Co. v. Studdard,* 99 Ga. App. 609, 612 (109 SE2d 523) and *Jones v. Grantham,* 102 Ga. App. 436, 438 (116 SE2d 668). Language used in one case by an appellate court may not be appropriate for another case when used *in totidem verbis. Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108, 109 (51 SE 29); *Atlantic C. L. R. Co. v. Clements,* 92 Ga. App. 451, 454 (88 SE2d 809). As was said by this court in *Hunt v. Pollard,* 55 Ga.

App. 423, 426 (190 SE 71): "We must therefore repeat the oft-decided principle, that language employed by a judge of a reviewing court in discussing a case, or in giving reasons for a decision, is not always appropriate for use by a trial judge in charging a jury." In accord are *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108 (2), supra; *Fitzpatrick v. Jim Clay Ford, Inc.,* 126 Ga. App. 58 (189 SE2d 876) and citations therein.

Although the trial judge here used language from an appellate decision including the sentence that "an illustration of such circumstance is a foggy and misty morning," this expression of opinion on the facts as they existed here with application to the duty of the railroad was an opinion indeed inappropriate and argumentative.

This portion complained of was also erroneous because it contravened the established principle that "a trial judge may not tell a jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligent." *Watson v. Riggs,* 79 Ga. App. 784, 785 (54 SE2d 323). Its effect was to inform the jury that the railroad was negligent if it failed to place a guard or light or some other warning at the crossing on "a misty and foggy morning," which the evidence showed did exist.

4. The fourth error enumerated deals again with a portion of the charge similar to what we considered in Division 2 of our opinion. As before, defendant contends the language with reference to care exercised in driving an automobile at night at a speed with reference to illumination available from its headlight was erroneous. The court here again left this for determination by the jury in the light of all the evidence. Additionally, it is observed that the language complained of was given in charge immediately after the court instructed: "Whether the plaintiff is to be chargeable with negligence or not in the operation of his vehicle on the night of the collision depends on what is reasonable under all the circumstances then existing, and this is a question of fact for you to determine." (T. 260). This was not error. See *Ga. &c. R. Co. v. Rutherford,* 104 Ga. App. 41, 47 (121 SE2d 159) and *Turkett v. Central of Ga. R. Co.,* 117 Ga. App. 617, 618 (161 SE2d 362).

5. The remaining enumerations of error presented the question of whether the trial court took appropriate curative action in conformance with Code § 81-1009 with regard to two instances of improper arguments by plaintiff's attorney before the jury. As this case is being remanded for a new trial and as the improper arguments are not likely to occur again it is not necessary to pass on these final two enumerations of error.

*Judgment reversed. Bell, C. J., Eberhardt, P. J., and Quillian, J., concur. Hall, P. J., Pannell, Deen, and Clark, JJ., concur specially. Evans, J., dissents.*

Argued September 13, 1973 — Decided March 14, 1974.

*Bennett, Pedrick & Bennett, Larry E. Pedrick, Gibson, McGee & Blount, Lamar Gibson,* for appellant.
*Oliver, Maner & Gray, George P. Donaldson, III, Neville & Neville, W. J. Neville,* for appellee.

Pannell, Judge, concurring specially.

I concur in the judgment of reversal but cannot concur in the ruling in Division 1(b) of the opinion. When the issue came up before the trial judge during the qualification of the jurors as to whether they should be qualified by eliminating the employees of the defendant railroad company, and counsel for the parties were called to the bench and counsel for the plaintiff contended that employees were qualified jurors and counsel for the defendant railroad company, as he had a right to do, insisted that employees were disqualified, and the trial court did not qualify the jurors as to any being employees of the railroad company, counsel for the railroad had done all the law required him to do. It was not up to him to object after the qualification procedure was completed by the trial judge, nor was it necessary that he use the word "object" during the colloquy between the trial judge and the attorneys for the parties. Counsel for the defendant railroad's action, in abiding by the decision of the court, does not constitute a waiver of the objections he made before such ruling. I know of no law in this state that requires this to be done under these circumstances,

nor has any been cited by the majority opinion.

I am authorized to state that Presiding Judge Hall, and Judges Deen and Clark, concur in this concurrence.

EVANS, Judge, dissenting.

Plaintiff obtained a verdict and judgment against a railroad because of a collision at a crossing on a foggy morning before daylight; the railroad's motion for new trial was overruled and on appeal to this court the majority take the following action: 1. Affirms as to enumerations of error numbers 1 and 2. I concur.

The majority opinion holds that defendant waived its right to complain of the service of jurors who were employees of the railroad; but expresses the opinion that said employees were in fact disqualified as jurors, had the point been properly raised. I agree that the conduct of defendant waived his right to complain, but I disagree with the majority as to the qualification of these jurors to serve. The railroad, as defendant, had no right to complain about its own employees serving on the jury. Only the opposite party could have complained. It has been held repeatedly that a juror who is a relative of a party is disqualified, but that his disqualification may be complained of only by the opposite party. It is presumed that a party is benefited by his relatives serving on the jury. See *Patterson v. State Highway Dept.,* 201 Ga. 860 (3) (41 SE2d 260); *Downing v. State,* 114 Ga. 30 (1) (39 SE 927); *Sikes v. State,* 105 Ga. 592 (1) (31 SE 567); *Wright v. Smith,* 104 Ga. 174, 175 (30 SE 651). And it has been held that employees are more inclined to favor a party who is their employer than is a relative of that party. See *Central R. Co. v. Mitchell,* 63 Ga. 173, 180; *Temples v. Central of Ga. R. Co.,* 15 Ga. App. 115 (2) (82 SE 777).

2. Reverses as to enumeration of error number 3. I dissent.

3. Refuses to pass on Enumerations of error number 5 and 6, because it is felt these matters will not arise in the next trial. I do not believe there should be another trial; and I would affirm as to these two enumerations of error.

4. Reverses on the third enumeration of error. Here defendant complains of the court's charge to the jury on

two grounds, to wit: a. The charge instructed the jury as to what a railroad is required to do in the exercise of ordinary care on a foggy and misty morning. b. It was argumentative in suggesting there was mist and fog present on this occasion.

There was no error in the trial judge's charge to the jury. First of all, the language in the entire paragraph is good law, as is held in *Jones v. Grantham,* 102 Ga. App. 436, 438 (116 SE2d 668), and many other cases. But the majority correctly states that all law that is set forth in decisions of the appellate courts may not necessarily be appropriate in a charge to a jury. Of course, that is true. But some good reason must be shown as to why the language is not appropriate.

As to the contention that this charge improperly instructed as to what precautions the railroad should have taken at the crossing, let it be pointed out that the court specifically instructed the jury that whether any particular action was required of the railroad *"was exclusively for the jury to determine."*

The majority opinion cites *Watson v. Riggs,* 79 Ga. App. 784, 785 (54 SE2d 323), wherein the court detailed the acts of negligence alleged by plaintiff against defendant, and then added: "All of these are allegations of simple negligence. *If proven to your satisfaction, they may constitute just as much a breach of duty and form just as well a foundation for recovery as would a violation of some particular law."* (Emphasis supplied.) The vice in the above charge is obvious and patent. The trial judge did not *leave it to the jury's determination* as to whether the alleged acts authorized a recovery, but, in effect, told the jury if the facts were proven as alleged, they amounted to negligence per se, and did indeed authorize a recovery.

But in the case sub judice, in charging as to whether the railroad should have maintained a light or some kind of warning, the trial judge concluded with the following language: "Except in clear and indisputable cases, whether particular circumstances require such action on the part of the railroad *is a question exclusively for the jury to determine."* (Emphasis supplied.)

This concluding sentence makes all the difference in

the world; it renders a charge proper and legal which would otherwise be erroneous.

In *Garrett v. Royal Brothers,* 225 Ga. 533 (170 SE2d 294), the Supreme Court of Georgia holds: "The conduct of a defendant cannot be declared to be negligent, as a matter of law, unless it has been so declared by a law-making body, and, in the absence of such a declaration *the jury is the arbiter of the question of whether a defendant's conduct on a given occasion is negligent,* and, if so, whether such negligence is the degree of negligence required for a recovery by plaintiff." (Emphasis supplied.) The judge in the case sub judice followed the above pronouncement precisely; he made the jury the arbiter of whether defendant's conduct on that occasion was negligent; when he charged that the question of whether the railroad should have taken such action, "is a question exclusively for the jury to determine."

A charge quite similar to the one in question, wherein the duties which might devolve upon a railroad under certain circumstances were charged, and held to be proper, has been upheld time and again. In *Pollard v. Savage,* 55 Ga. App. 470, at 474, 475 (190 SE 423), it is held: "While specific duties are frequently imposed by statute upon railroad companies with regard to the care which must be exercised at public crossings, they are, even in the absence of specific statutory requirements, bound to exercise reasonable and ordinary care, dependent upon the situation and surroundings of the crossing and the extent of user and commensurate with the danger involved." And at p. 476 concludes thus: "Consequently, the court did not err in instructing the jury that *it was for them to determine* whether, in the exercise of ordinary care, the defendant was required to blow the whistle of the engine." (Emphasis supplied.)

This is exactly in line with the charge that was given in the case sub judice, to wit, leaving it for the jury to determine, under the situation and circumstances, whether the railroad should have had a light or some kind of warning at the crossing.

It is always a question *for the jury to determine* as to whether a railroad should have had a watchman, or warning lights, etc. at a crossing; and if so, what kind of

guard or lights should have been maintained there to disclose the presence of a train. If the trial judge invades the province of the jury and charges them that the failure to have such lights, etc. is negligence, this is reversible error. *But if the judge instructs the jury that they are to determine whether lights, etc. should have been maintained, this is an exact compliance with the law, and is never error. Sylvania Central R. Co. v. Gay,* 82 Ga. App. 486, 488 (53 SE2d 713); *Central of Ga. R. Co. v. Barnett,* 35 Ga. App. 528 (1a), at 531 (134 SE 126); *Central of Ga. R. v. Leonard,* 49 Ga. App. 689 (4) (176 SE 137); *Atlanta & W. P. R. Co. v. Twedell,* 70 Ga. App. 812, 816, 817 (29 SE2d 668); *Atlanta & W. P. R. Co. v. Hudson,* 123 Ga. 108 (51 SE 29); *Ga. R. & Power Co. v. Shaw,* 25 Ga. App. 146 (102 SE 904); *Davis v. Whitcomb,* 30 Ga. App. 497 (2) (118 SE 488); *Payne v. Chambliss,* 27 Ga. App. 374 (108 SE 472).

Secondly, we come to the contention that the trial judge in his charge was argumentative by intimating that mist and foggy conditions prevailed on that morning at the railroad crossing. In other words, it is contended that the trial judge invaded the province of the jury by intimating his opinion that it was a 'misty and foggy morning.' *But this fact was undisputed by all the evidence!* Both witnesses for plaintiff and witnesses for defendant testified that it was a foggy morning, some saying "real foggy," others saying, "very foggy, awful," and others simply saying, "foggy." *But there was not a single witness who testified that it was not foggy, or that it was a clear morning.* Let us refer to the transcript:

The following *witnesses for plaintiff* testified to the foggy condition on the morning of the collision, to wit: Roy Lawrence Smith, Jr. (Tr. p. 5); David L. Waldron, U. S. Deputy Marshall for Southern District of Georgia, "extremely foggy" (Tr. p. 47); Freddie Lee Williams — "real foggy" (Tr. p. 59); Harry Depratter — "real foggy" (Tr. p. 77); Lawrence Lee — "real foggy" (Tr. p. 81).

Now let us look at the testimony of *witnesses for the defendant:* David Johnston — photographer — patches of fog — interfered with his speed (Tr. 102); Engineer A. H. Clark (Tr. p. 139); Brakeman R. T. Kirkland (Tr. p. 165); Conductor M. H. Murdock (Tr. p. 176); E. L. Fordham (Tr. p. 183); Freddie Lee Williams (Tr. p. 196);

Roy Lawrence Smith — real foggy (Tr. p. 215); Timothy Allen Harrison — it was awful — it was real foggy (Tr. p. 232).

I repeat that not a single witness for either plaintiff or defendant testified that it was clear, or that it was *not foggy.* (Incidentally, Black's Law Dictionary defines "fog" as including "mist.")

So, this was an uncontradicted and undisputed fact, and there could be no error whatever in intimating that such condition prevailed. Our courts have repeatedly held that it is never error for a trial judge to state to a jury that a fact has been proven, when there is no dispute as to the establishment of such fact. See *Goldstein v. Karr,* 110 Ga. App. 806, 809 (140 SE2d 40): "When a fact is proved by undisputed evidence, it is never error to assume or intimate that the fact is proved. *Fitzgerald Cotton Oil Co. v. Farmers Supply Co.,* 3 Ga. App. 212, 216-217 (3) (59 SE 713)." See also: *Daniel v. Charping,* 151 Ga. 34 (3) (105 SE 465); *Imperial Inv. v. Modernization Const.,* 96 Ga. App. 385 (2) (100 SE2d 107); *Abbott v. State,* 91 Ga. App. 380 (3) (85 SE2d 615); *Roberts v. McClellan,* 80 Ga. App. 199 (4) (155 SE2d 736); *Davis v. State,* 58 Ga. App. 440 (5) (198 SE 800); *Ga. R. & Electric Co. v. Cole,* 1 Ga. App. 33 (1) (57 SE 1026).

There was no error in the court's charge. The court did not instruct the jury as to what precautions the railroad should have taken to protect the crossing; he instructed them carefully that this was a question exclusively for the jury to determine.

And no argumentative charge as to fog and mist was delivered. This was a proven fact; no witness contested the presence of fog and mist. As stated before, it has been held repeatedly that to assume the existence of a fact *which is proven and uncontradicted in the record* is not erroneous.

As to defendant's enumeration of error number five, it is recited in said enumeration of error that when plaintiff's counsel made certain remarks to the jury, defendant's counsel moved for mistrial, *which motion was sustained.* It is beyond the power of defendant to complain of failure of the court to take further corrective action in view of his recitation that his motion for

mistrial was *sustained*. Further, counsel for plaintiff apologized for the remarks in the presence of the jury, and the judge instructed the jury to disregard said remarks; and admonished counsel to refrain in the future from commenting on matters not in evidence. (Tr. pp. 246-247.) There was no error here.

As to defendant's enumeration of error number six, defendant's counsel moved for a mistrial, and requested the court to rebuke counsel for allegedly improper argument if he did not grant the mistrial. The court not only instructed the jury properly respecting the matter, but also rebuked counsel in the presence of the jury, in the very stern language: "Mr. Neville, this is the second time . . . I'm just as sure as I can be that so far as I know you are a good lawyer. I am just as sure as I can be that you can't make that argument in your home circuit, and you've had years of experience, and I am going to tell you for the last time to argue the evidence and the reasonable deductions from it. I want you to keep that in mind. All right." (Tr. p. 248-249). There was no error in this enumeration.

For all the reasons stated above, I dissent.